## INTERNATIONAL TRAVELERS' ASS'N v. YATES.

### No. 1165—5474.

Commission of Appeals of Texas, Section B.
June 25, 1930.

Wynne & Wynne, of Kaufman, and Seay, Seay, Malone & Lipscomb, of Dallas, for plaintiff in error.

J. A. Cooley, of Kaufman, and Thos. R. Bond, of Terrell, for defendant in error.

LEDDY, J.

Defendant in error was the beneficiary under an accident policy, which insured her against loss from injuries to her husband, Lewis Frederick Yates, which resulted from "bodily injuries effected directly, independently and exclusive of all other causes through accidental means."

The policy contained a clause relieving the company from liability should death result "from disease or medical or surgical treatment therefor."

It was shown without dispute that the assured met his death on June 9, 1927, as the result of the administration of nitrous oxide gas, which was given to him by his physician as an anesthetic preparatory to an operation for an abscessed tonsil.

Under a peremptory instruction given by the trial court the jury returned a verdict in favor of plaintiff in error. The honorable Court of Civil Appeals held that an issue of fact was presented which was properly determinable by the jury, and reversed and remanded the cause for another trial.

Plaintiff in error obtained a writ of error upon an application presenting but two contentions: First, that the death of the assured did not result from accidental means; and, second, that under the undisputed evidence such death resulted from medical or surgical treatment for disease.

Plaintiff in error cannot escape liability on the ground that the assured's death did not result from accidental means, as this contention was decided adversely to it by our Supreme Court in the recent case of International Travelers Association v. Francis, 23 S.W.(2d) 282.

■ We conclude, however, that the peremptory instruction given by the trial court was justified, as the undisputed evidence shows the death of the assured was within the exception contained in the policy, in that it resulted from medical or surgical treatment for disease.

■■ An operation is, of course, surgical treatment. A necessary part of an operation is the administration of an anesthetic. It is a matter of common knowledge that an operation of any magnitude requires the administration of a local or general anesthetic and that it is usual and customary in such cases to administer the same. The stipulation in the policy by which the parties have agreed that the company shall be relieved from liability where death results to the assured from surgical treatment must be construed in the light of the knowledge on this subject possessed by the parties at the time the policy was issued. We think it true, as said by the Supreme Court of Kentucky, in Barrett's Adm'r v. Brand, 179 Ky. 740, 201 S. W. 331, 334: "Any ordinary layman would know that an operation included everything done from its commencement until it was completely finished. *Every act necessary to its performance* is included within the known meaning of the term."

It is a well-known fact that in the case of surgical operations an anesthetic is administered for two purposes: First, to relieve the patient from suffering pain while the operation is in progress; and, second, to enable the physician to skillfully and effectively perform the operation without interference from the patient. Being used for such purposes the giving of the anesthetic is a necessary and important part of the surgical treatment received by the patient. Westmoreland v. Preferred Acc. Ins. Co. (C. C. A.) 75 F. 244, 246.

No competent physician would attempt to perform an operation similar to the one upon the assured without the administration of an anesthetic, either local or general; hence the physician in giving the anesthetic to the assured was carrying out the usual and customary method of performing the surgical treatment required by the patient's condition.

■ Again, when we consider the object and purpose of the administration of the anesthetic in this case, the conclusion is compelled that it also constituted "medical treatment" within the exception contained in the policy. The physician was treating the assured for a disease with which he was suffering. The character of treatment shown to have been required by the patient's condition would inevitably cause pain and suffering to the patient and the use of means to deaden the pain resulting from necessary surgical treatment of such disease in the very nature of things constitutes medical treatment. If the patient in this case had been given an injection of morphine to ease pain caused by the disease from which he was suffering, this would undeniably constitute medical treatment. Flint v. Travelers Ins. Co. (Tex. Civ. App.) 43 S. W. 1079. We are unable to see any distinction between medical treatment to relieve pain caused by disease and the giving of an anesthetic to prevent pain resulting from treatment necessary to effect a cure of such disease. Undoubtedly, it would be as much the duty of a physician to use the means known to medical science to prevent the infliction of unnecessary pain upon his patient while engaged in performing an operation to effect a cure of disease with which the patient is suffering as it would be to relieve him of pain necessarily incident to the disease itself. It would seem that one would be as much medical treatment as the other.

■ We are not unmindful of the rule that an insurance policy must be construed most favorably to the assured. This rule, however, does not operate to cause courts to give words and expressions contained in a policy a meaning so restrictive as to deprive them of their usual and ordinary signification. The average layman would refer to a death under an anesthetic preparatory to an operation as one where the patient died as the result of an operation. This would be because the administration of an anesthetic is commonly regarded as a proper and necessary part of a surgical operation.

In the case of Westmoreland v. Preferred Acc. Ins. Co., before cited, the policy contained a similar provision with reference to nonliability where death resulted from medical or surgical treatment for disease. The proof disclosed that the assured died from the effects of chloroform administered as an anesthetic preliminary to the performing of a necessary operation. It was decided that the death of the assured came within the exception contained in the policy, and the insurance company was absolved from liability for his death under such circumstances. In giving its reason for such holding the court said: "Another exception in the policy is as to 'death * * * resulting, either directly or indirectly, wholly or in part, from any of the following causes or conditions, or while so engaged or affected: * * * Medical or surgical treatment.' Now, this expression, 'medical or surgical treatment,' of course, must have such meaning as that it shall not be inconsistent with and defeat the general terms, scope, and purpose of the policy. It would not do, certainly, to say that if a man received a bodily injury which clearly came within the terms of the policy, and died while under medical or surgical treatment for the injury so received, he could not recover. Very clearly, it does not mean this; but it has some meaning, or it would not be in the

policy. In this case the surgeon, desiring to alleviate pain while replacing the hemorrhoids, administered chloroform, and the patient—in part, at least, according to the plaintiff's petition—died from the chloroform. How could there be a case that comes more clearly within the language of this exception, in the sense in which it must have been used? It need not necessarily, it seems to me, be malpractice or carelessness on the part of the physician or surgeon; but certainly, to come within this exception, the medical or surgical treatment must be the proximate cause of death. If this is not true of this case, it seems difficult to imagine a case to which the exception would apply. So that considering the right to recover of the company under the general terms of the policy, or under either of the exceptions just referred to, I am clear that there is no liability."

The case of Beile v. Travelers Protective Ass'n, 155 Mo. App. 629, 135 S. W. 497, by the Supreme Court of Missouri, sustains defendant in error's contention to the extent that it was there held that death from an anesthetic administered preparatory to a surgical operation is not "surgical treatment." We are not impressed, however, with the force of the reasoning in that case, nor with the soundness of the conclusion reached.

We recommend that the judgment of the Court of Civil Appeals be reversed and that of the trial court affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals reversed, and that of the trial court affirmed.