PROVIDENT INS. CO. v. LEMMONS.

No. 4050.

Court of Civil Appeals of Texas. Amarillo.
June 28, 1933.

Rehearing Denied Oct. 4, 1933.

R. R. Robertson, of Dallas, for plaintiff in error.

M. J. Baird, of Plainview, for defendant in error.

JACKSON, Justice.

The defendant in error recovered judgment in the district court of Hale county for the sum of $500 on an insurance policy providing indemnity for bodily injuries sustained through accidental means, issued to him by plaintiff in error.

The case was submitted to the court without the intervention of a jury, and his findings on the accidental injury, the disability and the time thereof, are concededly supported by the testimony. In truth, no complaint is made of any of the findings of fact filed by the trial court.

The plaintiff in error contends that under the facts found by the court, and under the terms of the policy, the judgment against it should. as a matter of law, be limited to the sum of $100.

Among other facts material to the judgment, the court found that on March 1, 1932, while the policy was in full force and effect,

the defendant in error was accidentally injured by falling from a stepladder and breaking a bone in his foot.

The provisions of the policy material to a disposition of this appeal read as follows:

"Monthly Accident Indemnity—Total Disability. Art. II, Sec. 1. If such injuries, through accidental means, directly, independently and exclusively of all other causes, continuously confines the insured within doors and totally and continuously disables the insured from date of accident from performing any and every kind of duty pertaining to his occupation, the Company will pay him at the rate of $100.00 a month so long as he lives and suffers such continuous total confining disability.

"Monthly Accident Indemnity—Partial Disability." Art. II, Section 2 gives the terms and conditions under which $50.00 per month shall be paid for not exceeding three months for partial disability.

"Article VI. The insured, if he so elects in writing within ten days from the date of accident, may receive immediately, in lieu of the monthly indemnity hereinbefore provided for total and partial disability, indemnity in one sum according to the following schedule of indemnities, if the injury is one set forth in the schedule, but no more than one elective indemnity will be paid for injuries resulting from one and the same accident, and in no event will the Company be liable for any claim in excess of the amount specified for the disability named in the following 'Schedule of Elective Indemnities.' If the monthly indemnity for total disability in this policy is two hundred dollars, the amount specified below under 'Schedule of Elective Indemnities' will be paid, but if the policy is for a lesser amount, the Elective Indemnity shall be in proportion.

"Schedule of Elective Indemnities.
\* \* \* \* \* \* \* \* \*
One or more bones of foot, other than toes.. $200.00
\* \* \* \* \* \* \* \*
For complete fracture of bone or bones \* \* \*
Bones of foot............................... $200.00"

The record is conclusive that the defendant in error did not elect to receive immediately the amount specified under the "Schedule of Elective Indemnities."

■ In our opinion article 6 does not limit the amount that the insured was entitled to recover to the amount stated in the schedule of elective indemnities, unless he had elected to receive immediately the amount therein provided. This conclusion, we think, necessarily follows from a reasonable interpretation of the articles above set out.

■ If, however, the meaning of such articles, construed together, is doubtful, the courts interpret them most favorably to the insured. 1 C. J. 414, § 38.

■ If article 6 conflicts with or is repugnant to article 2, such preceding article controls.

"A general exception which renders nugatory a prior specific provision must yield to such provision. Where a policy shows repugnant clauses as to the period covered, it is proper to give effect to the first only." 1 C. J. 416, § 41.

"Provisions inserted by the insurer which go to defeat, diminish or forfeit the insurance will be construed strictly against the insurer." 24 Tex. Jur. 703.

For additional authorities, see 24 Tex. Jur. §§ 28, 29, pages 704, 705.

The judgment is affirmed.