### AMERICAN CASUALTY & LIFE CO. v. HAYS et al.

### No. 2323.

Court of Civil Appeals of Texas. Waco.

April 17, 1941.

Rehearing Denied May 15, 1941.

John G. Whitaker, of Dallas, for appellant.

Conway & Scharff, of Waco, for appellees.

HALE, Justice.

Appellees instituted this suit in the Justice Court for the recovery of $150, alleged to be due under a policy of insurance issued on the life of their father. They recovered judgment for the amount claimed in the Justice Court and again in the County Court, where the case was tried without a jury. The controlling question on this appeal is whether the trial court correctly construed the policy sued upon.

It is the contention of appellant that the policy did not afford any coverage for the death of the insured from natural causes, because he was 70 years of age at the time the policy was applied for and such coverage was restricted to persons dying between the ages of 18 and 60. On the other hand, it is the contention of appellees that the policy did afford coverage for the death of the insured from natural causes, but that since the insured was past 65 years of age at the time the policy was applied for, the amount of the death benefits recoverable was thereby reduced to 50% of the maximum amount that would have been otherwise payable.

It appears that on January 20, 1936, three separate policies were issued to the deceased, one being a life, one a health, and one an accident policy; that each policy recited, among other voluminous provisions, that it was one of a series of three and that "the entire series only (1, Life; 2, Health; 3, Accident) may be continued

according to the terms thereof with no privilege to discontinue any one of the three without discontinuing the entire series." On October 9, 1939, the insured died from natural causes while the life policy, with appellees designated as beneficiaries, was in full force, and due proof of death was made. The policy recited on its face that the insured was 70 years of age. Article I in the insuring clause provided certain benefits for loss resulting from accidental injuries, including loss of life, and Article II was as follows: "Death From Natural Causes—Not to exceed $300.00—upon receipt of due proof of the death of the insured, as herein provided, from any cause not otherwise specified in Article I hereof and while between the ages of 18 and 60, during the continuation of this policy, a death benefit will be payable as follows: After the policy has been in continuous force for one year from the date hereof, one hundred dollars, and shall increase one hundred dollars each year thereafter that it is kept in continuous force and effect until the maximum Natural Death Benefit of $300.00 is reached. * * *"

Section (13) of the Standard and General Provisions in the policy was, in part, as follows: "All benefits in this policy will be fifty per cent of the regular amount otherwise payable, if the Insured is past sixty-five years of age at the time of applying for this policy, notwithstanding any provision to the contrary."

■ We are of the opinion that the provision contained in Section 13 next above quoted relates back to the insuring clause as embraced in Articles I and II, and that appellant, by incorporating such section in the policy, thereby agreed to pay for the natural death of the insured, he being past 65 years of age at the time of applying for the policy, one-half of the maximum amount otherwise payable for his death from natural causes, notwithstanding his advanced age. Any other construction would render the provisions in Article II and Section 13, when construed together as they should be, superfluous and of no meaning whatsoever.

Appellant insists that Article II of the insuring clause should be so construed under the facts of this case as to provide no coverage for the death of the insured and that Section 13 should be construed only as a further limitation upon its non-liability. It makes the argument in its brief that "one-half of nothing is nothing." While the mathematics of the argument advanced is unassailable, we are not so forceably impressed with the premise or logic upon which the same is based. When carried to its ultimate conclusion, such argument would require the court to hold that it was the clearly expressed intention of the parties, by the use of the language actually employed in the contract, to thereby provide benefits for the death of the insured from natural causes to the extent of an amount of money, depending on whether the premiums were paid for one, two or three years, which amount, however, should in no event exceed the sum of one-half of nothing.

■ Appellant wrote the policy and if it intended to provide no benefits whatsoever for the death of the insured from natural causes, it could have prevented any such question from arising by completely eliminating Article II from the contract. Or if such was its intention, it could have provided specifically in Article II for an exclusion from its coverage of persons over a maximum age; or it could have provided in Section 13 that the benefits covered only in Article I of the policy would be 50% of the regular amount otherwise payable, if the insured was past 65 years of age. It did not take any of these precautions to fortify the contentions which it now urges. This court cannot properly, by implication, eliminate from or write into the contract provisions for the protection of the insurance company which it could have eliminated or incorporated, but did not see fit to do. Southern Ins. Co. v. Nicholson, Tex.Civ.App., 292 S.W. 569; American National Ins. Co. v. Jones, Tex.Civ.App., 83 S.W.2d 428; Ocean Accident & Guarantee Corporation v. First Nat. Bank, Tex.Civ.App., 84 S.W.2d 1111; 24 Tex. Jur., p. 702, secs. 27–29.

■ Even though the policy be susceptible of the construction contended for by appellant, we think it is equally as susceptible of the construction contended for by appellees, and where a policy of insurance is capable of two constructions, one of which permits a recovery and the other prohibits a recovery, it is the duty of the court to apply that construction which is favorable to the insured. E. K. Local Ins. Co. v. Lilly, Tex.Civ.App., 1 S.W.2d 490;

817

National Life Co. v. McKelvey, Tex.Civ. App., 88 S.W.2d 1061; American Bankers Life Ins. Co. v. Baker, Tex.Civ.App., 126 S.W.2d 56.

The judgment of the trial court is affirmed.