**PROVIDENT LIFE & ACCIDENT INS. CO. v. DECKARD et al.**

No. 2582.

Court of Civil Appeals of Texas. Waco.

March 16, 1944.

Rehearing Denied May 4, 1944.

Naman, Howell & Boswell, of Waco, for appellant.

Fitzpatrick & Dunnam, of Waco, for appellees.

RICE, Chief Justice.

This suit was brought by Nathan Deckard and others against The Provident Life & Accident Insurance Company to recover certain benefits claimed to be due and payable under the terms of an insurance contract issued by defendant on the life of Lizzie Deckard.

The trial was before the court, without the intervention of a jury. Judgment was rendered for plaintiff in the total sum of $310.57, being the amount plaintiffs asserted was due under the terms of the policy, together with the 12% statutory penalty and $50 attorney's fees. Defendant has appealed.

It is defendant's contention that the judgment of the trial court is excessive for the reason that, under the terms of the insurance contract and the stipulated facts, the defendant was not obligated to pay the principal sum of $200 named in the policy, and the amount which plaintiffs were entitled to recover under the terms of the policy and the stipulated facts was the sum of $32.66, which sum had theretofore been duly tendered by defendant.

It was stipulated that defendant issued its "Unlimited National Special Policy" on the life of Lizzie Deckard on April 7, 1920; that the insured became ill and totally disabled on or about the 20th day of August, 1942, and remained in such condition until October 8, 1942, when she died as a result of such illness; that the policy was in full force and effect at the date of her death, all premiums having been paid; that due proof of loss was made and the amount of $32.66 was shown to be due the insured under the policy prior to her death, which amount was duly tendered by defendant and such tender has been maintained in full satisfaction of the obligation of defendant under the terms of the policy. While other facts were stipulated, we do not consider them material to the questions raised on this appeal.

The insurance contract is captioned:

"The Unlimited National Special Policy Provides Indemnity for Accident, Sickness, Accidental Death and Natural Death, as Herein Provided."

Then follows the name of the defendant and the consideration.

The next paragraph states the defendant insured Lizzie Deckard against:

"The Insuring Clause "(1) The effects resulting directly and exclusively of all other causes, from bodily injuries sustained during the life of this policy, solely through External, Violent and Accidental Means (excluding suicide, sane or insane, or any attempt threat), hereinafter called 'such injury', and,

"(2) The effects resulting from sickness which is contracted and begins during the life of this policy and after it has been maintained in continuous force for thirty days, hereinafter called 'such sickness', as follows:

"Part I. The Principal Sum ($200.00) Increasing to ($———) Monthly Accident Indemnity Twenty ($20.00) Dollars Monthly Sickness Indemnity Twenty ($20.00) Dollars."

Parts II, III and IV cover indemnities against accident.

Part V, on the second or inside page, is denominated "Health Insurance", and contains the provisions for indemnity in case of sickness.

Part X, on the second page, is denominated "Natural Death", and reads as follows:

"Or, if such sickness for which indemnity is payable under Part V results in the death of the insured after this policy has been maintained in force without delinquency for forty-five days, the Company will pay as additional indemnity on account of such death a sum equal to One Month's Indemnity under Part V for total disability, during the first six months this policy shall be in force without delinquency. After this policy has been maintained in continuous force for not less than six months without delinquency the amount payable will be a sum equal to Two Months' Indemnity under Part V. If the Insured is fifty and under sixty years of age, the Company will pay One-Half the above amounts."

Defendant contends that the foregoing provision is controlling in this case, and, when properly construed, means that had the insured died as the result of "such sickness" within forty-five days from the

date of the policy, no natural death benefits would have been payable; if death had occurred after the policy had been in force forty-five days and before the policy had been in force for a period of six months, the amount of natural death benefits would be a sum equal to one month's indemnity under Part V; that if death occurred from "such sickness" after the policy had been in force for not less than six months, the amount payable would be a sum equal to two months indemnity under Part V; that if insured was fifty years of age and under sixty at the time of his death due to "such sickness", then the amount payable would be one-half of either one month's indemnity or two months' indemnity, based upon the length of time the policy had been in force. It was the further contention of defendant, based upon its construction of the language of Part X, above set out, that since deceased had attained the age of sixty years and was therefore not under sixty, no death benefit accrued under Part X of the policy; and that the only benefits that did accrue under the policy (Part V) were the sick benefits covering the period from August 20, 1942, to October 8, 1942, or the sum of $32.66.

Plaintiffs take the position that the construction placed by defendant on its policy is too restrictive of its liability thereunder; and that subdivision (2) of paragraph two on the first page of the policy, denominated in the lefthand margin in bold black type, "The Insuring Clause", and Part I immediately following, fixes the liability of defendant in the sum of $200.00 in case the death of the insured resulted from sickness. This subdivision insured the deceased against:

"(2) The effects resulting from sickness which is contracted and begins during the life of this policy and after it has been maintained in continuous force for thirty days, hereinafter called 'such sickness', as follows:

"Part I. The principal Sum ($200.00) Increasing to ($————) Monthly Accident Indemnity Twenty ($20.00) Dollars. Monthly Sickness Indemnity Twenty ($20.-00) Dollars."

Plaintiffs further argue that death being one of the effects resulting from sickness, and it being stipulated that the insured died as a result of sickness, the liability of the defendant to them by virtue of the above-quoted provision of the policy is the sum of $200, in addition to the indemnity admittedly due by the defendant by reason of the fact that the insured was ill for two months before her death.

In reply to this, defendant takes the position that said provision of the insurance contract applies only when the insured suffers, by reason of accident, loss of life, loss of both eyes, loss of both hands, loss of both feet, loss of one eye and one foot, and a percentage of the principal sum in other contingencies resulting from an accident.

Article 4733, Vernon's Civil Statutes, as amended by the Acts of the 47th Leg. 1941, c. 315, provides in subdivision 3 that no policy of life insurance shall be issued or delivered in this state containing a provision for any mode of settlement at maturity of less value than the amount insured on the face of the policy, plus dividend additions, if any, less any indebtedness to the company on the policy, and less any premium that may by the terms of the policy be deducted. This article makes several exceptions, none of which apply to this case.

█ The purpose of the foregoing enactment was, as tersely stated in First Texas State Ins. Co. v. Smalley, 111 Tex. 68, 228 S.W. 550, to render contracts as to benefits from life insurance simple and easily understood, and to prevent the misleading of the unwary by promise of insurance in certain amounts on the face of the policy so limited and conditioned thereafter as to have slight or no actual value.

The policy under consideration has printed on its back in bold type—"Unlimited National Special Policy. This Policy Provides Indemnity for Accident, Sickness, Accidental Death and Natural Death, as Herein Provided."

The foregoing, in bold type, appears again at the top of the first page of the policy. In the lefthand margin on the first page, and in the face of the policy, is printed in conspicuous type, "The Insuring Clause", opposite the statement that the insured was insured against: "the effects resulting from sickness which is contracted and begins during the life of this policy and after it has been maintained in continuous force for thirty days, hereinafter called 'such sickness', as follows:

"Part I. The Principal Sum ($200.00) Increasing to ($————) Monthly Accident Indemnity Twenty ($20.00) Dollars Monthly Sickness Indemnity Twenty ($20.00) Dollars."

Near the middle of the second page in bold type is the heading: "Natural Death",

which is followed by the limiting provision hereinabove quoted, and which defendant contends, as applied to the facts of this case, exempts it from any liability by reason of the death of the insured after she had become sixty years of age.

The defendant, in the manner above set forth, proclaimed that its policy provided indemnity for natural death as "herein provided." Below, and opposite the phrase "The Insuring Clause", printed in black-faced type and placed in a conspicuous position in the face of the policy, was the statement that the deceased was insured against the effects resulting from sickness in the principal sum of $200, monthly sickness indemnity, twenty dollars. The remainder of the first page is devoted to accident insurance.

■ If the language of an insurance contract is susceptible of more than one construction, it should be interpreted strictly against the insurer and liberally in favor of the insured. *24 Tex.Jur., sec. 29, p. 705*; International Travelers' Ass'n v. Yates, Tex.Com.App., 29 S.W.2d 980; Roth v. Travelers Protective Ass'n, 102 Tex. 241, 115 S.W. 31, 132 Am.St.Rep. 871, 20 Ann. Cas. 97; American Indemnity Co. v. Mexia Independent School Dist., Tex.Civ.App., 47 S.W.2d 682.

■ When an insurance contract is capable of two constructions, under one of which recovery is allowed but under the other it is denied, that construction will be given which permits a recovery. *24 Tex. Jur. sec. 29, p. 707.*

■ In our opinion, the above-quoted provisions appearing in the face of this policy are so worded as to convey the impression, and should be construed to mean, that defendant thereby insured the policy-holder and the beneficiary therein named in the principal sum of $200 against all effects resulting from sickness, including death from natural causes; and we are of the further opinion that the attempted limitation in Part X of the policy is prohibited by the terms of subdivision 3 of Article 4733, Vernon's Annotated Revised Civil Statutes, and hence unenforceable. First Texas State Ins. Co. v. Smalley, supra; Cook v. Continental Casualty Co., Inc., Tex.Civ.App., 160 S.W.2d 576; Atlanta Life Ins. Co. v. Cormier, 126 Tex. 179, 85 S.W.2d 1045.

For the reasons above stated, the judgment of the trial court is affirmed.