## FRANKLIN LIFE INS. CO. v. WOODYARD.

### No. 11918.

Court of Civil Appeals of Texas. Galveston.

Nov. 6, 1947.

Cline & Cline, of Wharton, for appellant.

Duckett & Duckett, of El Campo, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Travis Woodyard, for recovery for the loss of the sight of one eye under the terms of a policy of insurance issued by Great American Life Insurance Company, which policy was afterwards taken over and its obligations assumed by appellant, The Franklin Life Insurance Company.

In a trial before the court without a jury, judgment was rendered in favor of appellee for the sum of $750, the amount claimed to be due under the terms of the policy, with a 12% statutory penalty in the sum of $90, and an attorney's fee of $300.

It is undisputed that appellee purchased the policy of insurance in question insuring his life in the sum of $1,500, and that he received the alleged injury while the policy was in full force.

The trial court found, on undisputed evidence, that notice of the loss of sight of appellee's eye had been given to appellant, that appellee had submitted a claim therefor to appellant in the sum of $750; and that appellant had denied liability thereon and had refused to pay the claim.

The policy contained the following provisions:

"Loss of Members benefits: The company, in addition to the other benefits under Policy, will waive all further premium and pay to the Insured: A sum equal to the amount of the Death Benefit then in force under this policy for the loss of Both Hands, or The Sight of Both Eyes, or One Hand and One Eye or Both Feet, One Hand and One Foot, or One Foot and One Eye; or a sum equal to one-half the amount of the Death Benefit then in force under this policy for the loss of One Hand, or One Foot; upon receipt at its Home Office during the lifetime of the Insured, while this

Policy is in full force, of Proof satisfactory to the Co. that the Insured Within the premium paying period and before attaining actual age seventy, has sustained and survived by more than thirty days, the loss of a hand or foot (or hands or feet), by severance at or above the wrist or ankle joint or the complete and irrecoverable loss of the sight of any eye or eyes. The total sum paid for Loss of Members shall be limited to the amount of the Death Benefit, but shall not affect the Death Benefit payable in the event of natural death.

"The Policy further provides as follows: Conditions, Benefits and Privileges.

"1. Entire Contract. This Policy constitutes the entire agreement between the Co. and Insured and the holders and owner hereof. Its terms cannot be changed or its conditions varied, except by a written agreement, signed by the President or Secretary of the Co. No other person shall have the power to make or alter contracts, or to waive forfeitures, or to bind the Co. by any promise, written or oral, not contained in this Policy. All statements made by or on behalf of the Insured in the Absence of fraud shall be deemed representations and not warranties."

The trial court found as a matter of law that the "loss of member benefits" clause in said insurance policy was vague, indefinite and ambiguous, and that the language used in said clause was subject to more than one construction.

It is contended by appellant that the "loss of member benefits" clause in said insurance policy, which was found by the trial court to be ambiguous, merely provided for the manner of making proof of loss and that it nowhere makes provision for the payment of member benefits.

■ The construction placed by appellant on its insurance policy cannot be sustained. It is, we think, obvious that, under one construction of the "loss of member benefits" clause in question, the insurance company is obligated to pay the insured one-half of the death benefit under the policy for the complete loss of the sight of one eye, as found by the trial court in the judgment rendered, and that under the construction placed thereon by the company, in its

letter to appellee denying liability, it stated that the policy does not provide benefits for the loss of the sight of one eye only, but that it does provide benefits for the loss of the sight of one eye and one foot or the loss of the sight of one eye and one hand.

■ It is a settled principle of insurance law in this State that the language of an insurance policy which is susceptible of more than one construction will be interpreted strictly against the insurer and liberally in favor of the insured. Provident Life Ins. Co. v. Lemmons, Tex.Civ.App., 63 S. W.2d 392; American Casualty & Life Co. v. Hays et al., Tex.Civ.App., 150 S.W.2d 816; Provident Life & Accident Ins. Co. v. Deckard et al., Tex.Civ.App., 179 S.W.2d 828; 24 Tex.Jur. Sec. 29, p. 705; International Travelers' Ass'n v. Yates, Tex.Com. App., 29 S.W.2d 980; Wichita Falls Protective Ass'n v. Lewis, Tex.Civ.App., 52 S. W.2d 134.

■ It is also a settled rule of law in this State that any ambiguity in an insurance contract which was drafted by the insurer will be resolved in favor of the insured and against the insurer. Snyder v. St. Paul Mercury Indemnity Co., Tex.Civ.App. 191 S.W.2d 107.

The policy of insurance under consideration is, we think, clearly susceptible of the construction placed thereon by the trial court. If the insurance company which issued the policy in question had intended to provide that it would be liable for no benefits for the loss of the sight of one eye, it could have so stated in plain and unmistakable language.

Appellant further contends that the Court had no authority to take judicial knowledge of what would be a reasonable attorney's fee in the absence of evidence thereof on the trial of the cause.

The attorney's fee in question was awarded by the trial court under the provisions of Article 4736, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 4736, which provides specifically that, in all cases where a loss occurs and the insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss,

12% damages on the amount of such loss, together with a reasonable attorney's fee for the prosecution and collection of such loss, and that such attorney's fee shall be taxed as a part of the costs in the case. Said Article 4736 provides that, in fixing such fee, the Court shall take into consideration all benefits to the insured incident to the prosecution of the suit accrued and to accrue on account of such policy.

■ The precise question was decided in the case of American National Insurance Company v. Points, Tex.Civ.App., 131 S. W.2d 983, 987, in which the Court in its opinion said: "It is obvious, we think, that the court trying the case is authorized to fix the amount of the attorney's fee, and, in doing so, may take judicial knowledge of the entire record, the nature of the suit, the amount in controversy, the fact that the case is prosecuted by an attorney or attorneys, to be viewed in the light of the court's knowledge and experience as a lawyer and judge, and, as the statute provides, shall take into consideration the benefits to the insured, incident to the prosecution of the suit, accrued and to accrue on account of the policy. However, we do not think it would be improper for the court to have before it the opinion of experts, or even to submit the question to a jury; but, in view of the quoted provision of the statute, we think it the exclusive province of the court to have the final say in fixing the amount of the attorney's fee in all cases controlled by the statute in question, and that its action in so doing is subject to review only for an abuse of discretion."

Appellant contends that there was neither allegations nor proof that demand for payment was made by the insurer.

It is undisputed in the record that appellee notified appellant's agent that he had lost the sight of an eye, and that a claim was made out and forwarded to the company with the policy. Appellant, in a letter to appellee, denied liability under the policy, stating: "This policy does not provide benefits for the loss of the sight of one eye only."

■ Where an insurance company denies liability under the terms of its policy, a compliance with the terms of the policy to furnish proof of loss is waived, and a recovery may be had thereon without furnishing such proofs. Federal Surety Co. v. Smith, Tex.Com.App., 41 S.W.2d 210; American Casualty & Life Co. v. McCuistion, Tex.Civ.App., 202 S.W.2d 474.

It follows that the judgment of the trial court must be in all things affirmed.

Affirmed.