## WARREN v. CONTINENTAL CAS. CO.
### No. 15342.

Court of Civil Appeals of Texas.
Fort Worth.
April 11, 1952.

Rehearing Denied May 9, 1952.

Woodul, Arterbury & Wren and Howard S. Hoover, all of Houston, for appellant.

Kemper & Wilson, of Houston, for appellee.

EARL P. HALL, Chief Justice.

Jesse C. Warren, the late husband of appellant Audie Warren, was untimely killed on September 14, 1950, when a Beechcraft airplane owned by his employer, Callery & Hurt, Inc., of Houston crashed near Lubbock.

Appellee Continental Casualty Company issued an insurance policy to Callery & Hurt, Inc. which was in force when the accident occurred and providing in part:

"That it will indemnify the employer for loss resulting from injury sustained by any officer, employee or guest of the employer (herein individually called insured person); to the extent herein provided.

" 'Injury' whereever used in this policy means bodily injury caused solely by an accident occurring while the policy is in force and resulting directly and independently of all other causes in loss covered by the policy, provided such injury is sustained by the insured person in consequence of riding as a passenger in, boarding, alighting from, making a parachute jump from (for the purpose of saving his life) or being struck by the twin engine six passenger-place Beechcraft Aircraft D 18 S, License NC 80496, owned by the employer, which aircraft at the time of the accident is flying with the consent of the Employer in or between the Continental United States, Mexico and Canada and is piloted by a person who holds a valid and current certificate of competency of a rating authorizing him to do so. * * *

"This policy does not cover any loss, fatal or non-fatal, caused or contributed to by * * * (d) Accident occurring while the aircraft herein described is carrying passengers for hire; * * *."

Appellant, assignee of Callery & Hurt, Inc., sued appellee for the sum of $25,000

(limit of indemnity covered by each insured person under terms of the policy), which appellee refused to pay.

Appellee answered fully and urged a special exception to appellant's petition, asserting that since said petition alleged that Jesse C. Warren, an employee of Callery & Hurt, Inc., was piloting the aircraft when the fatal injury occurred, he was not in fact riding as a passenger and therefore was not covered.

The trial court sustained said special exception, and appellant brings this appeal upon three points. They include propositions to the effect that appellant's petition does state a cause of action because the word "passenger" has no universal and inflexible meaning which will apply to all cases; that the deceased was covered by the policy in question, which indemnifies the employer from loss resulting from injuries sustained by any employee; and because the term "employee pilot" is not, by the terms of the policy, expressly excepted therefrom.

The question raised by appellee's special exception is founded upon construction to be given the word "passenger" as used in the "injury" clause of the policy.

Appellee relies upon the rule of construction in the case of Hall v. Mutual Benefit Health and Accident Association, Tex.Civ. App., 220 S.W.2d 934, to uphold the trial court's action in sustaining its special exception. The facts before us are somewhat different to those in the Hall case, supra. The court had before it there for construction the term "powered aircraft" in a policy insuring against injuries caused by damage from powered aircraft when in truth and in fact the person injured was riding in a glider. The court held the word "power," to an average person, means mechanical power or equipment or contrivance with engine or motor.

■■ Since the insurance policy before us for construction did not specifically exclude the pilot from coverage, we must therefore resort to fundamental rules of interpreting life insurance policies which have been handed down by our courts, such as, terms of the policy must be interpreted in the light of common sense; that the language of an insurance policy which is susceptible of more than one construction should be interpreted strictly against the insurer and liberally in favor of the insured. 24 Tex.Jur., p. 705, § 29; International Travelers' Association v. Yates, Tex.Com.App., 29 S.W.2d 980; Provident Insurance Co. v. Lemmons, Tex.Civ.App., 63 S.W.2d 392; American Casualty and Life Co. v. Hays, Tex.Civ.App., 150 S.W. 2d 816. Another rule which we will consider is that any ambiguity in an insurance contract drafted by the insurer will be resolved in favor of the insured and against the insurer. Snyder v. St. Paul Mercury Indemnity Co., Tex.Civ.App., 191 S.W.2d 107, writ refused, w. m.

There are other words and phrases in the policy which we must consider along with the meaning of the word "passenger." However, we note here that the word "passenger" is used in general terms and will not be given the same construction as it usually carries in connection with cases involving the transportation of persons for hire. As we view it, the word "passenger" is used here in the ordinary sense with the word "occupant." An automobile is usually described in terms of the number of passengers it was built to transport, including the driver, that is, "a five passenger car," etc. To some extent, this same ordinary interpretation applies to private airplanes.

The policy describes the plane in question as being a twin engine six passenger-place Beechcraft aircraft, which statement, no doubt, would be construed by a layman to include a place for the pilot. The least that can be said is that it is susceptible to two interpretations. We find the word "passenger" has no universal or inflexible meaning which will apply to all cases. There is stated in 13 C.J.S., Carriers, § 544, p. 1047: "It is difficult to lay down a comprehensive definition of the word 'passenger,' or to exhaust in a single statement all the possible circumstances under which the relation of carrier and passenger may exist * * *." Webster's Twentieth Century Dictionary defines "passenger" as "one who passes on his way; a traveler;

a pilgrim; a wayfarer; * * *." The word "passenger" used in the policy, supra, is preceded by the term, "the insured person in consequence of * * *." The phrase "in consequence of" also has its varied meanings, as indicated by the definition in Webster's Collegiate Dictionary, 4th Ed., one of which is, "chain of causes and effects," or, as stated in Vol. 20 Words and Phrases, p. 548, the word "is to mark the succession of events in time". We do not attach significance to the fact that the term "passenger" was used to mark the first succession of events there enumerated. Let us suppose that it was used last. Then it would read, "provided such injury is sustained by the insured person in consequence of boarding, alighting from, making a parachute jump from, * * * riding as a passenger in, * * *." etc. These provisions not only limit liability of the insurer to the "insured person" but they eliminate liability of the insurer for injuries that may be sustained by persons other than the "insured person" who may or may not be officers, employees or guests of Callery & Hurt, Inc.

The following is the only phrase given in the contract defining the term "insured person": "That it will indemnify the employer for loss resulting from injury sustained by any *officer, employee* or *guest of the employer* (herein individually called insured person); to the extent herein provided." (Emphasis ours)

Under the heading "Exclusions" the contract enumerated seven exceptions or events which the policy does not cover. If the parties intended for the contract to eliminate coverage of the pilot, it could have so provided by using some reasonable term, such as "exclusive of pilot," or, "this policy does not cover the pilot, mechanics or any person riding in the plane employed by the assured to manipulate, to work on, to supervise, or to assist in operation of the plane."

We find the trial court erred in sustaining appellee's special exception. Judgment is reversed and the cause remanded for further trial not inconsistent with this opinion.