**Dr. L. SCHECTER, Appellant,**

v.

**Robert S. FOLSOM, Appellee.**

No. 16907.

Court of Civil Appeals of Texas.

Dallas.

May 12, 1967.

Rehearing Denied June 23, 1967.

Wade Starr and Barnett M. Goodstein, Goodstein, Erlanger & Starr, Dallas, for appellant.

Mike Schmidt, of Akin, Vial, Hamilton, Koch & Tubb, Dallas, for appellee.

DIXON, Chief Justice.

Dr. L. Schecter has appealed from a judgment against him in favor of Robert S. Folsom for the sum of $540 principal for rentals alleged to be due plus $350 attorney's fees under the terms of a written lease contract.

In April 1965 appellant and appellee signed a written lease agreement for a term of 25 months beginning July 1, 1965 at a monthly rental of $172.50. The lease covered premises in Dallas West Shopping Center for use by Dr. Schecter as his office in the practice of optometry. Under circumstances which are in dispute appellant moved into the premises on May 3, 1965, prior to the date named in the lease contract, but he paid no rent for the months of May and June 1965.

On November 5, 1965 appellant notified appellee that he would vacate the premises on November 10, 1965. He had paid his rent up to December 1, 1965. Appellant's testimony is that he did vacate the premises on November 10, 1965.

On December 9, 1965 appellee's agent sent a letter by certified mail to appellant in regard to the latter's failure to make his rental payment due December 1st. This letter as we view the matter is the focal point of this controversy.[1] The letter threatened a forcible entry and detainer suit by appellee, but no such action was ever filed.

Some time in March 1966 or soon thereafter appellee filed this suit seeking recovery of rentals for the months of December 1965, and January and February 1966. The premises had been relet thereafter and no claim is made for subsequent rent.

Appellant filed an answer and a counterclaim in which latter pleading he alleged actual damages of $500 and exemplary damages of $1,000 as a result of appellee's failure to carry out the terms of the lease agreement and for recovery of $172.50 for advance rental paid appellee.

In his first and second points on appeal appellant asserts that the court erred (1) in holding that appellee's letter of December 9, 1965 was not an exercise of appellee's

---

1. The letter is as follows:
"I have been advised by our accounting department that you have failed to pay your rent for December, 1965. Your attention is directed to the clause entitled 'Default' in the Lease which you executed on April 6, 1965, in the Dallas West Shopping Center. This clause places you in default for failure to pay said rent in accordance with the terms of the Lease. "We hereby place you on notice that unless said default is cured by you within ten (10) days of your receipt of this notice, we will then institute Court action for forcible entry and detainer."

option to terminate the lease; and (2) in finding that appellee exercised his option in accordance with the second section of paragraph 16 of the lease.[2]

The trial court made findings among others to the effect that appellant failed to perform the terms of the lease contract and was in default for the months of December 1965, and January and February of 1966; that plaintiff-appellee exercised his option in accordance with the second section of paragraph 16 of the contract and relet the premises for the account of appellant-defendant; that the letter of December 9, 1965 was not a declaration by appellee-lessor to declare the lease forfeited and did not evidence such intent; and that there was no intention on the part of appellee-plaintiff that appellant-defendant should no longer enjoy the leased premises and no circumstances presented to the court from which such intention might be inferred. In our opinion the evidence supports the above findings.

Appellant relies on the holding in Rohrt v. Kelley Mfg. Co., 162 Tex. 534, 349 S.W.2d 95 (1961) to support his first two points on appeal. In the Rohrt case the lease contract contained provisions similar to those of paragraph 16 in the lease contract now before us. The lessor had written a letter to the defaulted lessee giving him "official notice of such default and the intention of the lessor to declare the lease forfeited." It was held that the effect of the above letter, coupled with the failure of lessee to cure his default within ten days, resulted in a forfeiture of the lease; and it is stated in the opinion the lessor "did forfeit." As

a result lessee was relieved of liability for future rentals.

In the letter which we are considering in this case the lessor did not say that it was his intention to forfeit the lease. He said it was his intention to "institute Court action for forcible entry and detainer." However, appellee-lessor did not institute court action for forcible entry and detainer.

Appellant takes the position that appellee's statement in his letter of his intention to file a forcible entry and detainer suit is equivalent to the statement of the lessor in the Rohrt case that he intended to declare the lease forfeited. This is so, says appellant, since a prerequisite to a court action for forcible detainer is a termination of the lease agreement, either by expiration of term or forfeiture by lessor. Therefore appellant argues that the instant case comes squarely within the holding in the Rohrt case and precludes appellee from recovering any rentals after ten days from December 9, 1965.

Appellee vigorously disputes appellant's argument. He says that his announcement of his intention to file a forcible entry and detainer suit if lessee's default was not cured was nothing more than a "conditional warning or notice" that this mode of enforcing the lease agreement would be pursued if necessary. Appellee argues that it it apparent that the defaulting appellant would have to be completely out of the premises before appellee could relet for appellant's account under the terms of the lease. Such was the purpose of the letter according to appellee. Since appellant did completely vacate the premises the forcible

2. In the event appellant defaulted in performance of his base contract paragraph 16 gave appellee two alternative options:
1. "* * * LESSOR may enforce the performance of this lease by any modes provided by law, and/or this lease may be forfeited at LESSOR'S discretion if such default continues for a period of ten days after LESSOR notifies said LESSEE of such default and his intention to declare the lease forfeited * * *; and thereupon (unless the LESSEE shall have completely removed or cured said default) this lease shall cease and come to an end * * *;"
2. "or LESSOR * * * may resume possession of the premises and re-let the same for the remainder of the term * * * for account of LESSEE * * *."

The two sections are not numbered in the lease contract. The numbers have been added for convenience as was done in appellant's brief.

detainer suit became unnecessary. In the Rohrt case it was said that the landlord not only gave notice of his intention to forfeit: he did forfeit.

In further support of his contention appellee cites *Johnson v. Golden Triangle Corp.*, 404 S.W.2d 44 (Tex.Civ.App., Waco 1966, no writ) where a letter threatening forfeiture was held to be only "a conditional notice or warning" that lessor intended to declare a forfeiture and did not end the lessee's liability. In so holding the Rohrt case was cited.

We agree with appellee. We do not consider that his threat to file a forcible entry and detainer suit which was never filed, constituted notice of forfeiture as contemplated in paragraph 16 of the lease agreement. Appellant's first two points are overruled.

In his third, fifth, sixth and seventh points appellant asserts the court erred in (3) finding that there was no constructive eviction of appellant by appellee; (5) finding that appellee was the owner of Dallas West Shopping Center; (6) finding that appellant did not elect to terminate the lease under provision 30 of the lease agreement; and (7) failing to consider evidence to substantiate appellant's allegations that appellee breached the lease agreement by failing to repair the leaking roof and by failing properly to clean and maintain the common area of the shopping center.

■ Appellant cites the case of *Richker v. Georgandis*, 323 S.W.2d 90, 95 (Tex.Civ. App., Houston 1959, writ ref'd n. r. e.), wherein the four elements of constructive eviction are set out. The testimony in this case is at best conflicting in regard to the four elements necessary to show a constructive eviction. There is ample evidence to support the court's finding.

■ It is undisputed that the relationship of landlord and tenant existed between appellee and appellant. That being so appellant will not be heard to deny the landlord's title to the leased premises. In a suit for rentals it is not necessary for a landlord to prove ownership of the premises. See 35 Tex.Jur.2d 514, 519 and cases there cited.

■ Provision 30 of the lease gave lessee the right to cancel the lease in the event of death or total disability. The evidence supports the court's finding that the facts did not entitle appellant to exercise this right. After leaving the leased premises appellant was out of work one week. Then he went to work for another optometrist and has been making $15,000 per year ever since.

■ The evidence in regard to the leaking roof and the alleged failure to maintain the area of the shopping center is conflicting. The court's implied finding against appellant is binding on us.

Appellant's third, fifth, sixth and seventh points are overruled.

Appellant's fourth point we must sustain. There was no evidence offered to show that the $350 attorney's fee was reasonable. Appellee says that in a nonjury trial the court may take judicial notice of what would be a reasonable attorney's fee, citing *Franklin Life Ins. Co. v. Woodyard*, 206 S.W.2d 93 (Tex.Civ.App., Galveston 1947, no writ) and other cases.

■ Our Supreme Court in *Great American Reserve Ins. Co. v. Britton*, 406 S.W.2d 901, 907 held that a court does not have authority to adjudicate the reasonableness of an attorney's fee on judicial knowledge without the benefit of evidence. Though the Supreme Court was considering an insurance case involving Art. 3.62 of the Texas Insurance Code, V.A.T.S. we think the holding there must control our holding here. See also *Reynolds Research & Mfg. Co. v. Scamardo*, 412 S.W.2d 941 (Tex. Civ.App., Waco 1967). Appellant's fourth point is sustained.

■ The Supreme Court in the *Great American Reserve* case held that the judg-

ment for attorney's fees is severable from the rest of the judgment. Accordingly the claim for attorney's fees was severed and the judgment reversed as to attorney's fees only. We shall do the same in this case.

The judgment in favor of appellee for $540 for rentals is affirmed as is the judgment denying appellant any recovery on his counterclaim. The judgment for $350 attorney's fees is reversed and remanded for another trial.

Costs will be taxed 75 per cent against appellant and 25 per cent against appellee.

Affirmed in part and reversed and remanded in part.