Hanchey Hugh HUNTLEY, Appellant,

v.

Barbara Ann HUNTLEY, Appellee.

No. 12124.

Court of Civil Appeals of Texas, Austin.

May 15, 1974.

Rehearing Denied June 5, 1974.

Earl L. Yeakel, III, Austin, for appellant.

O. T. Moore, Jr., Blundell & Moore, Lockhart, for appellee.

PHILLIPS, Chief Justice.

This is an appeal from certain parts of a judgment granting a divorce between the parties to this cause and effecting a division of the community property. Mr. Huntley, the appellant, is appealing only those parts of the judgment which award Mrs. Huntley community property in excess of that awarded him, tax Mrs. Huntley's (appellee's) attorney's fees against him, and award the receiver appointed by the trial court a salary, in addition to his fee for selling certain portions of the community property of the parties.

In August of 1972, appellee (Mrs. Huntley) filed suit for divorce. In November, 1972, the first hearing in this cause was held, as a result of which the court below, on February 5, 1973, entered an order granting the divorce, but specifically withheld a ruling on the division of the property of the parties pending further hearings. In January, 1973, the second hearing in this cause was held for the purpose of dividing the community estate of the parties. Following this hearing, the court appointed B. G. Belcher as receiver for the Huntley Convalescent Center, the major community asset of the parties, with instructions to sell it forthwith.

In April, 1973, the receiver sold the Huntley Convalescent Center to appellant for $260,000.00 At the time of this purchase, appellant deposited $13,000.00 with the receiver. An additional hearing was held in May, 1973, at which time the court ordered appellant to make an additional deposit against the purchase, in order that there might be a total sum of $42,000 in the registry of the court. An additional $4,600.75 was deposited by appellant in satisfaction of a division of certain items of community property not in dispute here.

Subsequently, the court allowed appellee to withdraw from the registry $4,600.75, and appellant to withdraw $5,000.00.

In July of 1973, a final hearing was held with the final judgment herein being entered the same day. As of the date of judgment, $54,142.08 was in the registry of the court, representing the deposits made by appellant of $13,000.00, $29,000.00, and

$4,600.75, an additional deposit made by the receiver in May, 1973, representing the funds of the bank account of the Huntley Convalescent Center in the amount of $17,142.08, less the $4,600.75 withdrawn by appellee and the $5,000.00 withdrawn by appellant. This entire sum being the proceeds from the sale of the Huntley Convalescent Center and the balance of the bank account of the Center was found to be community property.

The court found the sales price of the Huntley Convalescent Center to be $260,000.00, with an outstanding indebtedness of $140,260.00 to be assumed by appellant. The gross proceeds from the sale were thus $119,740.00. The court further found that appellant's separate estate was entitled to reimbursement in the amount of $40,625.00, leaving a net value to the community of $179,115.00. The receiver was paid a "fee" of $7,800.00, and a "salary" of $1,500.00 which amounts the court ordered shared equally by the parties.

The court further taxed appellee's attorney's fees of $1,250.00 against appellant.

Appellant is before us on four points of error, the first being the error of the trial court in awarding appellee a disproportionate share of the community estate of the parties.

Under this point appellant complains of the court's awarding appellee $9,000 in excess of the amount awarded appellant on the division of certain community property. There were no children of the marriage, and the children of each by prior marriages are now grown and no longer dependent.

The Huntleys were married in 1963, and separated in 1972. Mrs. Huntley has no separate property of her own. In the past she has worked as a nurse and as a bookkeeper; however, she is licensed in neither vocation. She ruptured two discs in her back while working in a store at Yoakum, had back surgery and testified that because of this injury she can no longer work as a nurse.

The evidence discloses that the Convalescent Center was the principal item of property the parties owned, and the court found that it was community property. The record also discloses that Mrs. Huntley worked long hours every day for many years helping to manage the Center. She attempted to have the court award the Center to her; however, the award was made to appellant. Appellant will continue to operate the Center, which during the marriage, provided the principal source of income for both parties. Appellee, however, will have no more than the amounts outlined above and her ability to earn a living for herself has become somewhat restricted.

The court pronouncing a decree of divorce is invested with wide discretion in disposing of any and all property of the parties, separate or community, and its decision in the exercise of such discretion, should be corrected on appeal only when an abuse of discretion is shown. An abuse of discretion is shown only when the disposition made of the property is manifestly unjust and unfair. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923). Guerra v. Guerra, 362 S.W.2d 421 (Tex. Civ.App.1962, no writ). Under this state of the record, we hold that the court did not abuse its discretion in awarding appellee the $9,000 in question.

Appellant's second point, which we overrule, is the error of the court in holding that the land on which the Huntley Convalescent Center is situated was community property.

The Texas Family Code, Sec. 5.02 (1972), V.T.C.A., states that property possessed by either spouse during or on dissolution of marriage is presumed to be community property.

Appellant maintains that he has overcome this presumption with regard to

$5,000.00 paid for two acres of land now a part of the convalescent home, but in spite of his testimony that he paid for this land with his separate funds, the court ruled these two acres were community property. Two things become apparent from our review of the testimony in this case. First, appellant was either not very well informed as to the manner in which he conducted his business, or, he was a reluctant and sometimes evasive witness.

Second, the trial court was well aware of the separate nature of several properties owned by appellant. In this regard, the court made every effort to keep this separate estate apart from the community estate. The appellee testified that she thought the $5,000.00 was community property, and that up until the divorce, she did not know appellant claimed it as his separate property. Another conclusion that is inescapable in reviewing the record is that the bulk of the income of these parties was provided by the convalescent home which income was community property. The testimony of an interested party, when not corroborated, does not conclusively establish a fact even when uncontradicted, but only raises an issue of fact. Kirtley v. Kirtley, 417 S. W.2d 847 (Tex.Civ.App.1967, writ dsmd.); Parmeter v. Parmeter, 348 S.W.2d 51 (Tex.Civ.App.1961, no writ). Therefore, the trial court as the finder of fact, could well have found that the two acres in question were acquired with community funds and that appellant's separate estate was not entitled to reimbursement.

■ Appellant's third point, which we sustain, is the error of the court in awarding an additional $1,500.00 as salary to the receiver.

When the receiver was appointed, an understanding was reached between the court and the attorneys for the parties that a reasonable fee for the receiver would not be objected to. This fee was set at three per cent of the gross sales price of the Huntley Convalescent Center. The receiver was paid $7,800.00 for his efforts in bringing about the sale which amount represented three per cent of the sale price of the home. The receiver then stated that he was entitled to a salary in addition to the fee described above.

We hold that the additional $1,500.00 awarded the receiver as a "salary" is excessive. Virtually all the receiver did was entertain bids and sell the property. He took no active role in the day-to-day management of the business and affairs of the Center. In our opinion, the time and effort expended by the receiver is not sufficient justification for the $1,500.00 he was paid in addition to the $7,800.00. See Roberts v. Howe, 125 S.W.2d 617 (TexCiv. App.1939, no writ). Consequently, we reform the judgment of the trial court and delete therefrom the $1,500.00 "salary" paid to the receiver.

Appellant's fourth point is the error of the trial court in awarding appellee attorney's fees against appellant. We sustain this point.

■ The trial court found that the reasonable value of the services rendered by appellee's attorney was $1,250.00. The record reflects that when the question of attorney's fees arose, the court announced that it would follow the minimum fee schedule published by the State Bar of Texas. Appellant's attorney, in commenting on the court's suggestion stated: "I have no objection as to what would be reasonable. Our position is the court should not charge them against Mr. Huntley . . ." The court then stated: "The court is aware of what has been done, and I think I have some degree of knowledge about the time Mr. Moore has spent. If he would like to put some testimony on, I will be happly to listen to it." Mr. Moore (appellee's attorney) then replied: "I don't have any time sheets with me." There is no further testimony on the record with respect to attorney's fees.

Under this point, appellant's sole complaint is that there is no evidence upon which the court could base a reasonable fee. In support of this contention, appellant cites us to Great American Reserve Insurance Company v. Britton, 406 S.W. 2d 901 (Tex.1966).

In *Britton,* the Supreme Court held that the reasonableness of attorney's fees is a question of fact and must be supported by competent evidence. Although in our opinion under the records before us, $1,250.00 appears to be a reasonable fee, *Britton* holds that the reasonableness of attorney's fees may not be entrusted to the trial judge's discretion and that the trial judge may not adjudicate reasonableness on judicial knowledge without the benefit of evidence. In so holding, the court specifically overruled cases such as Franklin Life Insurance Company v. Woodyard, 206 S.W. 2d 93 (Tex.Civ.App.1947, no writ). In *Woodyard* the Court of Civil Appeals held that the trial court may base the fee on judicial knowledge of the entire record, the nature of the suit, the amount in controversy, and the experience of the lawyers. Although the record before us discloses four separate and distinct hearings held in this matter over a period of a year, which manifested great amounts of work done by each of the attorneys concerned therein, we must, reluctantly, reverse the court's judgment on attorney's fees, and remand that part of the case for a separate trial where evidence as to reasonableness of the fees may be heard. Webster v. Webster, 442 S.W.2d 786 (Tex.Civ.App.1969, no writ); Schecter v. Folsom, 417 S.W.2d 180 (Tex.Civ.App.1967, no writ).

We reverse that part of the judgment awarding appellee's attorney a $1,250.00 fee and remand that part only for trial in accordance with this opinion. We reform the remaining judgment of the trial court so as to delete the $1,500.00 fee paid the receiver; and, in all other matters the judgment of the trial court is affirmed. Costs will be taxed against the appellant.