Frank TSEO and John Tseo, Appellants,

v.

MIDLAND AMERICAN BANK, Appellee.

No. 08-94-00001-CV.

Court of Appeals of Texas, El Paso.

Dec. 22, 1994.

Rehearing Overruled Jan. 25, 1995.

**24**

John E. Collins, Dallas, for appellants.

William E. Ward, Michael T. Morgan, Morgan, Ward & Leeton, P.C., Midland, for appellee.

Before BARAJAS, C.J., and KOEHLER and McCOLLUM, JJ.

## *OPINION*

BARAJAS, Chief Justice.

Frank and John Tseo appeal the judgment of the trial court overruling their motion for new trial. Appellants were named as third-party defendants by the defendant in a lawsuit brought by Appellee. On September 8, 1993, Appellants by and through Burt Powell, their attorney of record, entered into an agreed judgment holding them jointly and severally liable to Appellee in the amount of $59,853.12. On October 5, 1993, Appellants filed a motion for new trial, which motion was overruled by operation of law on December 19, 1993. We affirm the judgment of the trial court.

## I. *SUMMARY OF THE EVIDENCE*

On May 1, 1992, Frank Tseo was served with a third-party complaint in which both he and John were named as third-party defendants. Frank then ventured to Powell's law office seeking advice. Frank was familiar with Attorney Powell because Powell frequently ate lunch in the restaurant jointly owned by Appellants. Moreover, Frank had previously asked Powell for legal advice on small matters. Powell testified that Frank asked Powell to "take over full charge of the lawsuit for both he and his brother, John." The record contains an Attorney–Client Contract, which Frank and Powell signed and which reflects Frank's desire that Powell pursue a defense of the lawsuit.

Powell informed his clients that trial of the case would require some $10,000 in legal

fees, which Appellants were reluctant to incur. Further, Appellants expressed reluctance to commit the time Powell informed them would be required to adequately assist in their defense. Powell testified in his deposition that Appellants elected not to fund a defense, and that he was authorized to settle the claim for an amount that would result in monthly payments of less that $4,000.

To this end, Powell negotiated a settlement with Appellee that would result in $2,000 monthly payments. This agreement was reduced to writing and ·entered by the trial court as an agreed judgment.

## II. *DISCUSSION*

Appellants attack the trial court's judgment in four points of error. We find at the outset that although Appellants' brief reveals that they grasp the issues, their points of error are not artfully drafted. Because, Texas Rule of Appellate Procedure 74(p) mandates that we liberally construe their points, which require substantial reworking, we find it necessary to set out the points of error in their entirety. Appellants' contentions are as follows:

1. The trial court erred in entering judgment for Midland American Bank against John Tseo since he did not agree to the judgment against him.

2. The trial court erred in entering judgment for Midland American Bank against John Tseo since he never hired Burt Powell as his lawyer.

3. The trial court erred in entering judgment for Midland American Bank since neither John nor Frank Tseo gave lawyer Burt Powell permission to agree to the judgment.

4. The trial court erred in overruling the Tseo's [sic] motion for new trial.

■ The record contains no findings of fact to support the trial court's judgment or its disposition of Appellants' motion for new trial. Consequently, we must imply the findings necessary to support the trial court's judgment. *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989). Because the parties reveal that the issues are twofold, we necessarily imply as many findings. First,

we conclude that the trial court found that Appellants joined in their engagement of Attorney Burt Powell. Second, we conclude that the trial court found that Powell had authority to negotiate the complained-of agreed judgment. Further, because the two issues we identify are questions of fact, we interpret Appellants' points of error to be challenges to the legal and, alternatively, factual insufficiency of the evidence to support the trial court's implicit findings that (1) Appellants joined in their engagement of Powell, and (2) that Powell had authority to negotiate the agreed judgment. Having rephrased Appellants' points of error for proper presentation on appeal, it remains to determine the precise action of the trial court that Appellants challenge.

The agreed judgment was entered at a bench trial. Appellants' make no argument that the trial court had before it any information that would cause it to question Powell's authority to act on behalf of Appellants. Indeed, the vast majority of the evidence Appellants cite in their argument was adduced at the hearing on the motion for new trial and at depositions taken after the motion was filed. Thus, we conclude that Appellants' real complaint is that the trial court failed to grant their motion for new trial. Accordingly, it is to this action of the trial court that we determine Appellants' points of error to be directed.

■ In considering a "no evidence" legal insufficiency point, we consider only the evidence that tends to support the fact finder's findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). If there is more than a scintilla of evidence to support the questioned finding, the "no evidence" point fails. *Mexico's Industries v. Banco Mexico Somex,* 858 S.W.2d 577, 580–81 (Tex.App.—El Paso 1993, writ denied); *U.S. Fire Ins. Co. v. Ramos,* 863 S.W.2d 534, 538 (Tex.App.—El Paso 1993, writ denied).

■ A factual insufficiency point requires us to examine all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly

unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Oechsner v. Ameritrust Texas, N.A.*, 840 S.W.2d 131, 136 (Tex. App.—El Paso 1992, writ denied); *Chandler v. Chandler*, 842 S.W.2d 829, 832–33 (Tex. App.—El Paso 1992, writ denied). The reviewing court cannot substitute its conclusions for those of the fact finder. If there is sufficient competent evidence of probative force to support the finding, it must be sustained. *Oechsner v. Ameritrust Texas, N.A.*, 840 S.W.2d at 136; *Chandler v. Chandler*, 842 S.W.2d at 833. It is not within the province of the court to interfere with the fact finder's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951). Where there is conflicting evidence, the fact finder's verdict on such matters is generally regarded as conclusive. *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508 (1947); *Oechsner v. Ameritrust Texas, N.A.*, 840 S.W.2d at 136; *Chandler v. Chandler*, 842 S.W.2d at 833.

■ The evidence chronicled in the previous section provides some evidence to support the two contested fact findings. Powell provided clear testimony that he was engaged to represent both Appellants and that he was given authority to settle the case. Thus, it remains only to determine whether there exists contrary evidence that so outweighs Powell's testimony as to render the two findings against the great weight and preponderance of the evidence.

John Tseo testified at the hearing on the motion for new trial that he never hired Powell to represent him, did not know him, and had only spoken to him on two occasions over the phone. Further, John testified that he did not instruct Frank to hire Powell on John's behalf, and that he had never given Frank permission to act for him on legal matters. Were the evidence to have ended here, we could affirm the trial court's implicit finding that Appellants joined in their engagement of Powell because we think the evidence provided by the parties, however clearly at odds, to be roughly equal in quality and quantity. The record, however, is rich.

On October 4, 1993, Frank Tseo sent a letter to Powell by certified mail, which letter, together with Powell's response thereto, constitutes the whole of the written communications between Powell and Appellants. It states, "By and on behalf of John Tseo and myself, your employment in the above matter is terminated. . . ." John Tseo was questioned about this letter at the hearing on the motion for new trial.

Q. And do you notice that from that letter, your brother . . . Frank, is acting, in his words, by and on behalf of John Tseo and myself? Do you notice that?

A. Yes.

Q. So your brother was acting in your behalf on legal matters, wasn't he?

A. Yes.

Q. Now you told this Judge that your brother never acted on your behalf on legal matters. But by this letter your brother acted like he could act for you, didn't he?

A. I said sometimes he acts on joint ventures together.

Q. I asked you if he ever acted in your behalf on legal matters. And you said, 'No, he did not.' Didn't you tell the Judge that?

A. Yes, sir.

Q. But in this event he did act on your behalf on the legal matter of firing a lawyer, didn't he?

A. Yes, sir.

The consequences of the foregoing testimony are two. First, John's contradiction provides direct support for the trial court's first contested finding because it gave the trial court a strong reason to think that Appellants had acted collectively to hire Powell. Further, that John contradicted himself on such a critical matter provided the trial court with reason to discount his testimony generally, something within its province as fact finder even without such blatant contradiction. Second, the letter itself, the legal effect of which John does not disavow, provides strong support for the trial court's finding that Appellants jointly engaged Powell, for one does not release from employment someone yet to be hired. Because

Appellants joined in the text of the letter firing Powell, the trial court had good reason to think both Appellants were at one time represented by Powell. Accordingly, Appellants' first recast point of error is overruled.

■ Appellants next challenge Powell's authority to bind them to the agreed judgment, and we again examine the record to determine if Appellants offer evidence that so contravenes Powell's clear testimony that he had the necessary authority as to render the trial court's implicit finding on this matter manifestly unjust. Both Appellants testified that Powell had no authority to settle the case. Powell testified that he did have such authority. This evidence is simply contradictory. Although we are inclined to find this evidence, which we think roughly equally weighted, sufficient to support the trial court's implicit second finding, the record provides more.

The instrument entitled Attorney–Client Contract contains the following provision:

> Client hereby authorizes Attorney to act as his/her agent in all matters affecting this case, including but not limited to the following: a) to appear in court in Client's behalf, b) *to negotiate a proper disposition of this case*, c) to waive Client's appearance at any proceedings in reference to this case. . . .

(Emphasis added). Together with Powell's statement that he had authority to settle the case, it provides ample evidence to support the trial court's implicit finding that Powell had authority to settle the case. Accordingly, Appellants' second recast point of error is overruled.

Having overruled each of Appellants' points of error, we affirm the judgment of the trial court.