Marisa **LASCURAIN** and Francisco Lascurain, Appellants,

v.

Bobby **CROWLEY**, Appellee.

No. 08–94–00200–CV.

Court of Appeals of Texas, El Paso.

Jan. 25, 1996.

Victor F. Poulos, Mayfield and Perrenot, El Paso, for Appellants.

Joseph L. Hood, Jr., Scott, Hulse, Marshall Feuille, Finger, Thurmond, El Paso, for Appellee.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

### OPINION

BARAJAS, Chief Justice.

This is an appeal from a judgment rendered in a personal injury case arising out of an automobile accident. The jury returned a verdict of $110,000 for Appellant, which was reduced by credits to Appellee of $190,000. Because the amount of damages awarded to Appellant was less than the sum of the settlements reached with others prior to trial, the trial court rendered judgment that Appellant take nothing. We affirm the judgment of the trial court.

### I. SUMMARY OF THE EVIDENCE

Appellant Marisa Lascurain was the driver of a car stopped at a traffic light at the intersection of Southbound North Mesa just before it intersects with Interstate 10 in El Paso, Texas. A car driven by Susan Gravatt and occupied by her passenger Diana Oliva came to a stop behind Appellant's vehicle. At this time, a car driven by Brock Perkins, with Chad Gillespie in the passenger seat and Appellee in the backseat, stopped at the light to the immediate left of Gravatt's vehicle. The occupants of these two cars, all friends from high school and going back to school after lunch, began throwing ice from their cups between the vehicles. Appellee threw a piece from the backseat at Gravatt's car which distracted her, a five to fifteen second pause ensued, and Gravatt hit the accelerator, running into Appellant's car.

Although the damage to the cars was minimal and Appellant appeared to be uninjured, Appellant began to have severe back pain. These pains worsened, and Appellant underwent two back operations and had problems with her leg and one of her kidneys.

Appellant settled with Chad Gillespie for $100,000, Susan Gravatt for $50,000, Brock Perkins for $20,000, and State Farm Mutual Automobile Insurance Company, Appellant's underinsured motorist carrier, for $20,000. Prior to trial, Appellee elected a credit as to any judgment that might be rendered against him in the amount of $190,000, which represents the total amount of the settlement payments made to Appellant.

Appellant brought suit against Appellee for medical expenses, past and future physical and mental pain and suffering, and loss of earning capacity. Appellant's husband brought a claim for loss of consortium. At trial, the jury found that the negligence of Appellee, Gravatt, Perkins, and Gillespie proximately caused the accident,[1] awarding Appellant $110,000 in damages. Appellant's husband was awarded no damages on his claim for loss of consortium. Because the amount of damages was less than the amount

---

1. The jury found the percentages of negligence as follows:

|   |                |     |
|---|----------------|-----|
| a. | Bobby Crowley | 15% |
| b. | Brock Perkins | 5% |
| c. | Chad Gillespie | 20% |
| d. | Susan Gravatt | 60% |

of the settlements Appellant reached with others prior to trial, the trial court rendered that Appellant take nothing.

## II. DISCUSSION

In her first point of error, Appellant contends that the trial court erred in admitting photographic evidence which was not authenticated or admissible. The photos depict the negligible damage done to the automobiles by the accident.

■ To obtain reversal based on error in admission or exclusion of evidence, an appellant must show the error was "calculated to cause and probably did cause rendition of an improper judgment." TEX.R.APP.P. 81(b)(1); see Gee v. Liberty Mutual Fire Ins. Co., 765 S.W.2d 394, 396 (Tex.1989); Chandler v. Chandler, 842 S.W.2d 829, 830 (Tex.App.—El Paso 1992, writ denied). Reversible error does not usually occur in connection with evidentiary rulings unless the whole case turns on the particular evidence admitted or excluded. Shenandoah Associates v. J & K Properties, Inc., 741 S.W.2d 470, 493 (Tex. App.—Dallas 1987, writ denied); Texaco, Inc. v. Pennzoil, Co., 729 S.W.2d 768, 837 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). The error is harmless if the erroneously admitted evidence is merely cumulative and not controlling on a material issue dispositive of the case. Gee, 765 S.W.2d at 396; TEX.R.APP.P. 81(b)(1).

■ A party on appeal should not be heard to complain of the admission of improper evidence offered by the other side, when he, himself, introduced the same evidence or evidence of a similar character. McInnes v. Yamaha Motor Corp., U.S.A., 673 S.W.2d 185, 188 (Tex.1984); Pouncy v. Garner, 626 S.W.2d 337, 340 (Tex.App.—Tyler 1981, writ ref'd n.r.e.); Hughes v. State, 302 S.W.2d 747, 750 (Tex.Civ.App.—Eastland 1957, writ ref'd n.r.e.). Counsel for Appellant introduced the first evidence concerning the relatively minor collision between the cars:

Q. So, would it be unusual to see a person such as Ms. Lascurain in a low impact collision and then have the disc herniate two, three weeks later?

A. Not at all. That's practically a week to week occurrence in my practice, sir.

. . . . .

Q. Doctor, is it common or is—have you seen instances of minor rear-end collisions, these minor in force that would cause severe injury like this?

A. A ruptured disc can be caused by minor incidents, bending over to pick up a paper, pending (sic) over to pick up a telephone can do that. Coughing or sneezing, a sneeze could have or sneeze can also do that.

We also note that the photographs were cumulative of the testimony of other witnesses to the accident. Appellee, Susan Gravatt, Brock Perkins, and Chad Gillespie all testified as to the relatively minor impact between the cars. Appellant has wholly failed to show that the admission of the photographs was calculated to cause and probably did cause rendition of an improper judgment. Assuming without finding that the trial court erred in admitting the photographs, we find any error to be harmless. Accordingly, we overrule Appellant's Point of Error No. One.

In her second point of error, Appellant contends that the verdict of the jury as to damages was inadequate and against the great weight and sufficiency of the evidence. Appellant asserts that Appellee made no effort to controvert or contest the testimony of Appellant's expert witnesses.

■ A factual insufficiency point requires us to examine all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951); Tseo v. Midland Am. Bank, 893 S.W.2d 23, 25–26 (Tex.App.—El Paso 1994, writ denied); Hallmark v. Hand, 885 S.W.2d 471, 474 (Tex.App.—El Paso 1994, writ denied). The reviewing court cannot substitute its conclusions for those of the jury. If there is sufficient competent evidence of probative force to support the finding, it must be sustained. Tseo, 893 S.W.2d at 26; Texas Tech Univ. Health Sciences Ctr. v. Apodaca, 876 S.W.2d 402, 412 (Tex.App.—El Paso 1994, writ denied). It is not within the province of this Court to interfere with the jury's resolution of conflicts in the evi-

dence, or to pass on the weight or credibility of the witnesses' testimony. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792, 796 (1951); *Southwest Airlines Co. v. Jaeger,* 867 S.W.2d 824, 829–30 (Tex.App.—El Paso 1993, writ denied). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508, 512 (Tex.1947); *Tseo,* 893 S.W.2d at 26; *Hallmark,* 885 S.W.2d at 474.

Appellant cites *Kennedy v. Missouri Pacific R.R. Co.,* 778 S.W.2d 552, 557 (Tex. App.—Beaumont 1989, writ denied) for the proposition that juries cannot ignore undisputed evidence and arbitrarily deny any recovery, although the amount of damages is ordinarily left to their discretion. With this assertion we agree. However, in the instant case, Appellant has overlooked the fact that the evidence was not undisputed. Appellee's expert testified that there was no potential for injury to Appellant's head, kidney, or L4 disc in her back from the auto accident. By making this assertion, Appellee's expert has certainly controverted Appellant's damages assertions.

■ It is within the province of the jury to determine the credibility of the witnesses and the weight to be given their testimony. *Sibert v. Enriquez,* 774 S.W.2d 812, 814 (Tex. App.—El Paso 1989, writ denied). The trier of fact has several alternatives available when presented with conflicting evidence. It may believe one witness and disbelieve others. *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex.1986); *Ford v. Panhandle & Santa Fe Ry. Co.,* 151 Tex. 538, 252 S.W.2d 561, 563 (1952). It may resolve inconsistencies in the testimony of any witness. *Benoit,* 239 S.W.2d at 796–97. It may accept lay testimony over that of experts. *Muro v. Houston Fire & Casualty Ins. Co.,* 329 S.W.2d 326, 331 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.). Moreover, the trier of fact is afforded considerable discretion in evaluating opinion testimony on the issue of damages. *McGalliard,* 722 S.W.2d at 697. In the instant case, the jury certainly was able to evaluate the testimony of both parties regarding the amount of damages. The jury's finding that $110,000 will compensate Appellant for damages resulting from the accident is not against the great weight and preponderance of the evidence, nor is it so small as to be manifestly unjust. Accordingly, we overrule Appellant's Point of Error No. Two.

■ In her third point of error, Appellant alleges that because she has been unable to obtain a complete statement of facts for review, she is entitled to a new trial. During the trial, Appellant played portions of the videotape depositions of Diana Oliva, Susan Gravatt, and Chad Gillespie. Appellee showed the entire videotape depositions of these three witnesses to the jury and read portions of the Brock Perkins' deposition. None of this testimony was recorded by the court reporter. Similarly, during the direct examination of Dr. Watson, Appellant showed Dr. Watson part of the videotape deposition testimony of Dr. Misenhimer and Dr. Barron, which also was not recorded.

At our direction, the trial court held a hearing to correct the inaccuracies in the statement of facts. The trial court found that, **with the consent of the parties,** the official court reporter was excused during a portion of the defense presentation. Additionally, the court was unable to determine which portions of the testimony of three witnesses were utilized as evidence.

Texas Rule of Appellate Procedure 50(e) states that an Appellant is entitled to a new trial if (1) the Appellant has made a timely request for a statement of facts, (2) the court reporter's notes and records "have been lost or destroyed," and (3) the parties do not agree on a statement of facts. Appellant cannot meet the second part of this test because the court reporter's notes are not lost or destroyed. This requirement contemplates that notes were actually made, then either lost or destroyed after coming into existence. *Rogers v. CIGNA Ins. Co. of Texas,* 881 S.W.2d 177, 181 (Tex.App.—Houston [1st Dist.] 1994, no writ); *see Vickers v. Sunrise Lumber Co.,* 759 S.W.2d 747, 748 (Tex.App.—El Paso 1988, writ denied) (stenographic notes made by court reporter, then accidently thrown away); *Hoyt v. INA of Texas,* 752 S.W.2d 628, 629 (Tex.App.—Waco 1988, writ denied) (stenographic notes made, then lost).

■ In the instant case, the court reporter did not make any notes when the videotapes

were played to the jury; thus, there were no notes to lose or destroy. Although an Appellant is entitled to a complete statement of facts, where a witness testifies in the absence of the court reporter and the Appellant fails to object, the Appellant is not entitled to a new trial. *Rogers,* 881 S.W.2d at 181; *see Robinson v. Robinson,* 487 S.W.2d 713, 714 (Tex.1972); *see also Weaver v. Westchester Fire Ins. Co.,* 739 S.W.2d 23, 24 (Tex.1987) (party preserved appellate complaint of absence of court reporter by objecting to absence of court reporter during the proceeding).

Moreover, Texas Rule of Appellate Procedure 11(a)(1) states that an official court reporter shall "mak[e] a full record of the evidence *when requested* by the judge or any party to the case...." (Emphasis added). No such request was made, as Appellant and Appellee excused the court reporter during part of the defense presentation. Counsel cannot keep silent when the court reporter openly leaves the courtroom and thereby guarantee his client a new trial. *Rogers,* 881 S.W.2d at 181. Accordingly, we overrule Appellant's Point of Error No. Three.

Having overruled each of Appellant's Points of Error, we affirm the judgment of the trial court.