**ASAI, A Corporation, Appellant,**

v.

**VANCO INSULATION ABATEMENT, INC., Appellee.**

No. 08–94–00342–CV.

Court of Appeals of Texas, El Paso.

May 9, 1996.

Harold H. Pigg, Law Offices of Harold H. Pigg, Lubbock, for Appellant.

J.T. Morgan, Fowler & Morgan, Odessa, for Appellee.

Before BARAJAS, C.J., and McCLURE AND CHEW, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from a trial court judgment in favor of Appellee. Appellee sued Appellant for breach of contract in payment of the sales price of a vacuum used for picking up asbestos. We affirm in part, modify in part, and reverse and remand in part.

## I. SUMMARY OF THE EVIDENCE

In the summer of 1993, Appellant, an asbestos removal company, learned that Appellee, also an asbestos removal company, owned and desired to sell a used vacuum designed to pick up large pieces of loose asbestos, dirt, rocks, roofing gravel, and other items. Although Appellant's employee traveled to Appellee's warehouse to view the machine, the parties were unable to start up the machine because there was not a proper electrical hookup. Appellant agreed to purchase the vacuum from Appellee for $11,000 plus $600 for delivery to Albuquerque, New Mexico. Appellant paid $2,600 down, with $4,500 due in August and $4,500 due in September 1993.

After delivery to Albuquerque, a litany of difficulties arose. First, it took Appellant several days to appropriately wire the machine in to a generator.[1] After getting power, the machine only worked properly for a day or so. During the next few weeks, the machine had numerous mechanical breakdowns, necessitating Appellant to spend over $1,700 on a new compressor and other items. Discussions between the parties then ensued about payment of the balance, and on October 18, 1993, Appellant tendered a check to Appellee for $7,267.89, the difference between the balance due and the cost of repairs. Appellee promptly sent back the check, asserting entitlement to full payment.

On December 1, 1993, Appellee brought suit against Appellant for breach of contract in payment of the sales price. In its answer, Appellant asserted that Appellee was not entitled to recover the purchase price because it had breached the sales agreement and had breached express and implied warranties. Appellant counterclaimed for damages, or alternatively, that it be allowed an offset due to the defective equipment. The case was tried to the court, and judgment was entered granting recovery to Appellee for the sum of $9,000, plus attorney's fees.

## II. DISCUSSION

Appellant attacks the judgment of the trial court in ten points of error. In its third,

---

1. This was not the fault of the machine; rather, there was a problem with the wiring on the generator.

fourth, and sixth points of error, Appellant contends that the trial court erred in failing to find, in response to Appellant's request for additional findings of fact, that there was established an implied warranty of fitness for a particular purpose. We disagree.

TEX.R.CIV.P. 298 provides, in pertinent part:

> The court shall file any additional or amended findings and conclusions that are appropriate within ten days after such request is filed, and cause a copy to be mailed to each party to the suit. No findings or conclusions shall be deemed or presumed by any failure of the court to make any additional findings or conclusions.

The trial court's failure to comply with TEX. R.CIV.P. 298 concerning additional findings is not reversible if the requested finding is covered by and directly contrary to the original findings filed by the trial court. *San Antonio Villa Del Sol Homeowners Ass'n v. Miller,* 761 S.W.2d 460, 463 (Tex.App.—San Antonio 1988, no writ); *Shelby Int'l., Inc. v. Wiener,* 563 S.W.2d 324, 328 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *Wentz v. Hancock,* 236 S.W.2d 175, 176 (Tex.Civ. App.—Austin 1951, writ ref'd). The trial court found that Appellee did not breach any implied warranties. Such a finding is in direct opposition to Appellant's requested finding. The trial court's failure to comply with Appellant's request is not reversible error if the finding made is supported by the evidence. To determine the necessary evidentiary support, we must consider the concomitant arguments under point of error two.

▪ In its second point of error, Appellant challenges the factual sufficiency of the evidence to support the trial court's finding that the elements of an implied warranty of fitness for a particular purpose were not established. We find the evidence sufficient to support the determination.

▪ Findings of fact are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing the evidence supporting a jury's answer. *Zieben v. Platt,* 786 S.W.2d 797, 799 (Tex.App.—Houston [14th Dist.] 1990, no writ); *Okon v. Levy,* 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). Conclusions of law are reviewable de novo. *Middleton v. Kawasaki Steel Corp.,* 687 S.W.2d 42, 44 (Tex.App.—Houston [14th Dist.] 1985), *writ ref'd n.r.e.,* 699 S.W.2d 199 (Tex.1985).

▪ A factual insufficiency point requires us to examine all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951); *Tseo v. Midland Am. Bank,* 893 S.W.2d 23, 25–26 (Tex.App.—El Paso 1994, writ denied); *Hallmark v. Hand,* 885 S.W.2d 471, 474 (Tex.App.—El Paso 1994, writ denied). The reviewing court cannot substitute its conclusions for those of the jury. If there is sufficient competent evidence of probative force to support the finding, it must be sustained. *Tseo,* 893 S.W.2d at 26; *Texas Tech Univ. Health Sciences Ctr. v. Apodaca,* 876 S.W.2d 402, 412 (Tex.App.—El Paso 1994, writ denied). It is not within the province of this Court to interfere with the jury's resolution of conflicts in the evidence, or to pass on the weight or credibility of the witnesses' testimony. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792, 796 (1951); *Southwest Airlines Co. v. Jaeger,* 867 S.W.2d 824, 829–30 (Tex.App.—El Paso 1993, writ denied). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508, 512 (1947); *Tseo,* 893 S.W.2d at 26; *Hallmark,* 885 S.W.2d at 474.

▪ TEX.BUS. & COM.CODE ANN. § 2.315 (Vernon 1994), the implied warranty of fitness for a particular purpose, provides:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

"The particular purpose must differ from the ordinary use; a warranty for the ordinary use is covered under the warranty of merchantability in section 2.314." *Crosbyton Seed Co. v. Mechura Farms*, 875 S.W.2d 353, 365 (Tex.App.—Corpus Christi 1994, no writ); *see* TEX.BUS. & COM.CODE ANN. § 2.315, comment 2. The record reveals no evidence that Appellant's particular purpose for the vacuum was somehow different than its ordinary use. Indeed, Appellant used the equipment as a vacuum to remove asbestos, which is one of the machine's functions. Additionally, the trial court's finding that the vacuum was not unfit for its purpose was amply supported by the evidence. The record reveals that the machine worked properly, albeit for a short time, when properly connected by Appellant to a power source. The trial court's finding was not so against the great weight and preponderance of the evidence as to be manifestly unjust. Accordingly, we overrule Appellant's Points of Error Nos. Two, Three, Four, and Six.

In its first point of error, Appellant complains that the trial court "impliedly found" that an implied warranty of fitness for a particular purpose **does not apply** to used equipment. We disagree, finding that the trial court impliedly found that the implied warranty of fitness **applies** to used goods.

The following findings of fact indicate that the trial court applied the fitness warranty to the used equipment:

**Finding No. 9:** ASAI did not prove by a preponderance of the evidence that Vanco was made aware of any particular purpose for the equipment or that the equipment was unfit for ASAI's intended use.

**Finding No. 10:** ASAI did not prove by a preponderance of the evidence that it intended the equipment for any use other than the ordinary purpose for which it was designed.

Findings of Fact Nos. Nine and Ten are elements of the implied warranty of fitness. *See* TEX.BUS. & COM.CODE ANN. § 2.315 ("Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose."). If the trial court had impliedly found that the fitness warranty does not apply to used equipment, it would have both made such a finding and not applied the elements of the implied warranty of fitness to the case at bar. Accordingly, we overrule Appellant's Point of Error No. One.

In its fifth point of error, Appellant alleges that the trial court erred by failing to find, in response to Appellant's request for additional findings of fact, that an implied warranty of fitness for a particular purpose applies to used goods. We disagree.

The trial court is only required to make additional findings of fact and conclusions of law that are appropriate. *International Ins. Agency, Inc. v. Railroad Comm'n of Texas*, 893 S.W.2d 204, 210 (Tex.App.—Austin 1995, writ denied); *Tamez v. Tamez*, 822 S.W.2d 688, 692 (Tex.App.—Corpus Christi 1991, writ denied); *see* TEX.R.CIV.P. 298. If the refusal does not prevent the adequate presentation on appeal, there is no reversible error. *Tamez*, 822 S.W.2d at 693; *Baucom v. Crews*, 819 S.W.2d 628, 632 (Tex.App.—Waco 1991, no writ). TEX.R.CIV.P. 298 requires additional findings of fact and conclusions of law only if they relate to "ultimate or controlling issues." *Associated Tel. Directory Publishers Inc. v. Five D's Publishing Co.*, 849 S.W.2d 894, 901 (Tex.App.—Austin 1993, no writ); *Dura–Stilts Co. v. Zachry*, 697 S.W.2d 658, 661 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). The trial court is not required to make findings that are unsupported in the record, that relate merely to evidentiary matters, or that are contrary to other previous findings. *Simmons v. Compania Financiera Libano, S.A.*, 830 S.W.2d 789, 791–92 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *Dura–Stilts*, 697 S.W.2d at 661; *Wallace v. Wallace*, 623 S.W.2d 723, 724 (Tex.App.—Houston [1st Dist.] 1981, writ dism'd w.o.j.). Having found in Point of Error No. One,

*supra,* that the trial court applied the fitness warranty to the used equipment, such additional finding of fact requested by Appellant would not relate to an ultimate or controlling issue, nor would it be anything but evidentiary. *See Associated Tel. Directory Publishers,* 849 S.W.2d at 901. Accordingly, we overrule Appellant's Point of Error No. Five.

In its seventh, eighth, and ninth points of error, Appellant contests the trial court's award of $2,500 attorney's fees for responding to a motion for new trial, alleging that there are no pleadings and insufficient evidence to support such award. Appellant also opines that the trial court erred in finding that the award constitutes a reasonable, customary and necessary fee. We agree.

An award of attorney's fees involves the sound discretion of the trial court and its finding will not be disturbed, absent an abuse of discretion. *A.V.I., Inc. v. Heathington,* 842 S.W.2d 712, 718 (Tex.App.—Amarillo 1992, writ denied); *Prairie Valley Indep. Sch. Dist. v. Sawyer,* 665 S.W.2d 606, 611 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). However, reasonableness of attorney's fees is a fact question and as such is required to be supported by competent evidence. *Industrial Disposal Supply Co., Inc. v. Perryman Bros. Trash Serv., Inc.,* 664 S.W.2d 756, 761 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *Bullock v. Foster Cathead Co.,* 631 S.W.2d 208, 212 (Tex.App.—Corpus Christi 1982, no writ); *Underhill v. Underhill,* 614 S.W.2d 178, 181 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Huntley v. Huntley,* 512 S.W.2d 767, 771 (Tex.Civ.App.—Austin 1974, no writ). Evidence of some character is required to set the amount for judgment purposes, even in a non-jury case. *Underhill,* 614 S.W.2d at 181; *Uhl v. Uhl,* 524 S.W.2d 534, 538 (Tex.Civ.App.—Fort Worth 1975, no writ).

A review of the record suggests that such award of attorney's fees is not supported by the pleadings or the evidence in this case. At trial, Appellee's attorney did not address the work involved or what would be reasonable and necessary attorney's fees for responding to a motion for new trial.[2] As a whole, the record is completely devoid of proof of the reasonableness of such attorney's fees. Although the trial court has broad discretion in awarding attorney's fees, the award must be supported by credible evidence. *A.V.I., Inc.,* 842 S.W.2d at 718. Accordingly, we sustain Appellant's Points of Error Nos. Seven, Eight, and Nine.

In its tenth point of error, Appellant contends that the trial court erred in granting Appellee attorney's fees covering the cost of an appeal, when such award was not conditioned upon Appellee's success on appeal. We agree.

"A trial court may not penalize a party for taking a successful appeal by taxing him with attorney's fees if he takes such action." *Siegler v. Williams,* 658 S.W.2d 236, 241 (Tex.App.—Houston [1st Dist.] 1983, no writ); *see Sipco Servs. Marine, Inc. v. Wyatt Field Serv. Co.,* 857 S.W.2d 602, 607 (Tex.App.—Houston [1st Dist.] 1993, no writ). Therefore, the trial court must condition the award of attorney's fees to an appellee upon the appellant's unsuccessful appeal.[3] An unconditional award of appellate attorney's fees is improper. *Siegler,* 658 S.W.2d at 241; *Ortiz v. O.J. Beck & Sons, Inc.,* 611 S.W.2d 860, 867 (Tex.Civ.App.—Corpus Christi 1980, no writ); *King Optical v. Automatic Data Processing,* 542 S.W.2d 213, 218 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.).

In the instant case, the judgment contained the following recitation regarding attorney's fees on appeal:

---

**2.** Regarding post-judgment attorney's fees, Appellee's attorney testified:

> I additionally expect that in the event I'm called on to appeal or called on to respond to an appeal, that $2,500, which is in the neighborhood of 20 hours, would be reasonable and necessary in relation to the dollar amounts, and the importance of this case on both parties.

**3.** As we sustain Appellant's Points of Error Nos. Seven, Eight, and Nine, we cannot say Appellant's appeal is unsuccessful. Were we to overrule all points of error, the trial court's error would be harmless. *See Sipco Servs. Marine,* 857 S.W.2d at 608.

[T]he sum of $2,500.00 is awarded in the event an appeal to the Court of Appeals is made by the named Defendant. The sum of $2,500.00 is awarded to the Plaintiff in the event an Application for Writ of Error is filed with the Supreme Court of Texas. The sum of $2,500.00 is awarded to the Plaintiff in the event the Application for Writ of Error is granted. The further sum of $2,500.00 is awarded to the Plaintiff in the event a Motion for Re-hearing (sic) is filed with the Supreme Court of Texas.

Such award of attorney's fees was not conditioned on Appellant's unsuccessful appeal. Hence, the award of attorney's fees must be reversed. Accordingly, we sustain Appellant's Point of Error No. Ten.

■ The claim for attorney's fees is a severable claim and we are authorized to sever the claim and reverse and remand the judgment only insofar as it pertains to attorney's fees. *Woods Exploration and Producing Co., Inc. v. Arkla Equip. Co.,* 528 S.W.2d 568, 571 (Tex.1975); *Leal v. Leal,* 628 S.W.2d 168, 171 (Tex.App.—San Antonio 1982, no writ); *Saums v. Saums,* 610 S.W.2d 242, 244 (Tex.Civ.App.—El Paso 1980, writ dism'd); *Zemaco, Inc. v. Navarro,* 580 S.W.2d 616, 621 (Tex.Civ.App.—Tyler 1979, writ dism'd); *Hopkins v. Hopkins,* 539 S.W.2d 242, 249 (Tex.Civ.App.—Fort Worth 1976, writ dism'd); *Huntley,* 512 S.W.2d at 771. As such, the matter of attorney's fees awarded to Appellee for responding to Appellant's motion for new trial is reversed, and this part of the judgment is severed and remanded to the trial court for a determination of reasonable and proper attorney's fees. The awards for appellate attorney's fees are set aside and deleted from the judgment. The remainder of the judgment is affirmed.

Having overruled Appellant's Points of Error Nos. One through Six, but having sustained Points of Error Nos. Seven through Ten, we reverse and remand in part, modify the judgment in part, and affirm the judgment of the trial court, as modified.