NUMBER 13-99-399-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI


___________________________________________________________________



MARIA LETICIA RAMOS , Appellant,



v.




ROEL C. RAMOS , Appellee.

___________________________________________________________________



On appeal from the 138th District Court

of Cameron County, Texas.


____________________________________________________________________



O P I N I O N


Before Justices Hinojosa, Rodriguez, and Kennedy (1)

Opinion by Justice Kennedy


 

 This action began as a motion to vacate temporary orders, motion for enforcement and contempt, request for affirmative
relief to rescind deed procured by duress, and motion for clarification. The hearing below was conducted as a bench trial
over a period of several days. Appellant is Maria Leticia Ramos, now known as Maria Leticia Sanchez, and appellee is
Roel C. Ramos. Appellee has not filed a brief herein.

 The focus of this appeal, though not stated succinctly, is the title to a parcel of real estate located at 5243 Daleiden Drive in
Brownsville, Texas. We will hereafter refer to this property as "the property." The house was awarded to appellant in the
divorce but was subsequently deeded by appellant to appellee. The appeal is before us on a partial record, requested by
appellant.

 It is undisputed that the property was deeded to appellee by appellant. However, appellant argues in her brief that the deed
from her to her former husband was induced by fraud and duress. She further claims that the property was not hers to start
with but, rather, was the property of her aunt. (2) The relief sought by appellant is that we hold that the trial court's failure to
rescind the warranty deed from her to appellee was an abuse of discretion. (3)



 The trial court heard evidence on cross-motions after the divorce, denied appellant's motion for modification of managing
conservatorship and granted appellee's motion for modification of managing conservatorship. The trial judge also filed
findings of fact and conclusions of law, including the following findings:

 2. Petitioner and respondent were previously divorced on April 20, 1998, refer to respondent's exhibit 50;

 3. Pursuant to the agreed divorce, respondent was granted joint custody with right to establish the residence. She was also
awarded the home in question;

 4. Respondent became ill and petitioner took the children under his care;

 5. Respondent transferred her interest in the home to petitioner, by Warranty Deed dated July 21, 1998. Refer to
respondent's exhibit number 24; 

 6. The home had been financed by two (2) signatures, one by respondent's relative and one by petitioner's relative. Refer to
respondent's exhibit 25;

 7. Prior to and after the divorce, respondent's aunt made payments on the home and paid taxes on said property;

 8. No transfer of the property was ever done by respondent to her aunt;

 9. Respondent, even though ill, did not sign the deed to petitioner under duress or coercion; and

 10. Respondent fully and voluntarily relinquished the property to petitioner.

He also made the following conclusions:

 1. Respondent failed to prove that she was coerced or ordered to transfer the property to petitioner;

 2. Respondent's aunt is entitled to payment of $1774.00 which due for home payment plus any and all she paid. Petitioner
is to pay this sum to her;


 3. The respondent's aunt never filed an intervention nor did she assert that the property belonged to her. The property had
belonged to respondent and when she transferred her property interest to petitioner it was subject to all liens. Petitioner is
still responsible for all liens.

 A factual insufficiency point requires us to examine all of the evidence in determining whether the finding in question is so
against the great weight and preponderance of the evidence as to be manifestly unjust. Asai v. Vanco Insulation Abatement,
Inc., 932 S.W.2d 118, 121 (Tex. App. - El Paso 1996, no writ). This we have done.

 The Texas Supreme Court has held that (all citations omitted):

 A trial court's findings of fact are reviewed for factual sufficiency of the evidence under the same legal standards as
applied to review jury verdicts for factual sufficiency of the evidence. In reviewing a factual sufficiency point, the court of
appeals must weigh all of the evidence in the record. Findings may be overturned only if they are so against the great
weight and preponderance of the evidence as to be clearly wrong and unjust. (emphasis in the original)

Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996).

 Our review of the limited record shows that the court heard conflicting evidence on the salient points. The
cross-examination of appellant frequently refers to what other witnesses had testified to but which is not a part of the
record. The trial judge, in his remarks to the parties at the conclusion of the evidence, indicates that a case study had been
made, however, the study is not part of the record.

 From the record before us, we do not find that the trial judge abused his discretion in his findings, his conclusions, or in his
final judgment. We deny the relief sought by appellant in this case and AFFIRM the judgment of the trial court.

NOAH KENNEDY

Retired Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this the 1st day of March, 2001.

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Appellant's aunt, Maria B. Sanchez, was not a party below and is not a party to this appeal.

3. Appellant's points of error allege abuse of discretion in: (1) the trial court's exercise of jurisdiction over a non-party's real
property in a divorce case. (2) the trial court's failure to rescind the deed dated July 21, 1998 for failure of consideration.
(3) the trial court's failure to rescind the deed dated July 21, 1998 obtained by duress and coercion and (4) the trial court's
failure to rescind the deed dated July 21, 1998 obtained by fraud. Point five is whether the deed dated July 21, 1998, is
void ab initio.