COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





RAY E. GILBERT, JR.,

                            Appellant,

v.


CITY OF EL PASO AND EL PASO
WATER UTILITIES PUBLIC SERVICE
BOARD,

                            Appellees.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-08-00282-CV

Appeal from the

County Court at Law No. Three

of El Paso County, Texas 

(TC# 2008-2030)





O P I N I O N

            Appellant, Mr. Ray E. Gilbert, Jr. (“Mr. Gilbert”) appeals the trial court’s grant of the
City of El Paso (“the City”) and El Paso Water Utilities Public Service Board’s (“the PSB”)
motion for summary judgment, the denial of his motion for summary judgment, and the court’s
entering a declaratory judgment in favor of the City and the Board.
            Mr. Gilbert is a resident of El Paso County, Texas, and a “user” under Section 402.044(9)
of the Municipal Drainage Utility Systems Act and owner/occupier of benefitted property as
defined by Section 402.044(1)(A) of the Municipal Drainage Utility Systems Act. The El Paso
Water Utilities Public Service Board is described as a department of the City of El Paso and it is
operated as a largely autonomous independent board. El Paso City Council’s Ordinance No. 752
created the PSB, and Section 8 of the Ordinance addresses the PSB’s authority over the
management and operation of the City’s waterworks plant and system, as well as its sewer
system. The PSB is a five-member board of trustees vested with management and control of a
utility system.
            The City, as it created this new district and in its pleadings below defending the
delegation of the district’s powers to the PSB, not surprisingly ignore the older, longer history of
the core issue at hand. Almost two decades ago, when the author had a front row seat, the City
introduced an ordinance to establish the same municipal drainage utility, but that effort was
labeled a “rainwater tax,” and weeks later a popular mayor and two city representatives lost their
reelections. Creation of a municipal drainage district would not be spoken of until “Storm
2006.”
            The major storms and flooding in July 2006 resulted in extensive damage to public and
private property, as well as the City’s stormwater drainage infrastructure, such as it was. 
Following the floods, the City unshelved and undertook a new study of its existing stormwater
management program and options so as to address the stormwater management.
            A majority vote of the entire membership of the El Paso City Council adopted Ordinance
No. 16668 on June 19, 2007, and it became effective upon its adoption. Ordinance No. 16668
establishes a municipal drainage utility for the City pursuant to the provisions of Subchapter C of
Chapter 402 of the Texas Local Government Code, as amended (“the Municipal Drainage Utility
Systems Act” or “the Act”), § 402.041, et seq. The City adopted the Act and declared the
established municipal drainage utility system to be a public utility through Ordinance No. 16668.
            Ordinance No. 16668 provides that, except as otherwise provided in the ordinance or
under applicable law, the PSB shall have complete authority and control of the municipal
drainage utility system’s management and operation, as established by Ordinance No. 16668, on
behalf of the City. The City’s delegation to the PSB of management and operation of the City’s
municipal drainage utility was made pursuant to authority the City believes to exist in Chapter
1502 of the Texas Government Code, § 1502.001, et seq.
            After Ordinance No. 16668 was passed, the PSB held a public hearing on the proposed
rules and schedule of charges to be levied on the drainage utility. The PSB issued notice of the
time and place of the hearing three times in the El Paso Times for the public’s consideration of
these rules and charges, including the proposed schedule of drainage charges. The PSB adopted
the rules and original schedule of monthly stormwater fees for the City’s municipal drainage
(“Rules and Regulations No. 3”) utility at its regular meeting on December 12, 2007. The City
directed the PSB on behalf of the City to establish a schedule of drainage charges against all real
property in the proposed service area subject to charges. The PSB established rules for the rate
of furnishing the stormwater service, determined the charge for drainage service, set the schedule
of charges for the drainage service, and fixed the rates for drainage charges. Rules and
Regulations No. 3 took effect upon the PSB’s adoption. The monthly stormwater fees became
effective on March 1, 2008. In a special public meeting held in May 2008, the PSB reduced the
monthly utility rates charged for stormwater management.
            In late May 2008, Mr. Gilbert and two other plaintiffs, all of whom were residents of
El Paso County and “users” and “owners” or “occupiers” as defined under the relevant sections
of the Act, filed their original petition and application for injunction relief. The plaintiffs
brought the following claims against the City and the PSB: (1) for injunctive relief to restrain
them from imposing and collecting any stormwater fees and from enforcing Ordinance No.
16668 and Rules and Regulations No. 3; (2) for declaratory relief to conclude that the stormwater
fee, Ordinance No. 16668, and Rules and Regulations No. 3 were invalid on the bases that the
City lacked authority to delegate to the PSB powers granted to the City under the Act, that the
PSB lacked authority to establish or charge drainage fees, and that the City and the PSB failed to
comply with the Act. In the City and the PSB’s answer, they generally denied the plaintiffs’
allegations, and demanded strict proof of them. They also counterclaimed for declaratory
judgment.
            The plaintiffs initially requested a hearing on their application for temporary injunction,
which was set for June 6, 2008, but they later withdrew that request. The City filed its brief to
oppose temporary injunction on June 2, 2008. The trial court held a status conference hearing on
June 11, 2008, during which the parties agreed to proceed by submitting cross-motions for
summary judgment, for ruling without hearing or argument, unless the court so requested. The
parties then entered into a Rule 11 Agreement that the case would be submitted for disposition on
cross-motions for summary judgment, which would “dispose of all issues of all parties and
constitute the Court’s final judgment . . . .”
            After the parties filed their motions for summary judgment and the trial court held a
hearing on these motions, the court entered its final judgment in August 2008. The court granted
the City and the PSB’s motion for summary judgment, denied the plaintiffs’ motion for summary
judgment, and entered declaratory judgment in favor of the City and the PSB. The court also
awarded the defendants attorney’s fees in the amount of $25,000 in the event that the plaintiffs
appealed the judgment to this Court and $15,000 in the event that the plaintiffs sought review by
the Texas Supreme Court.
            In September 2008, the plaintiffs filed a motion for new trial. On the same day,
Mr. Gilbert filed his notice of accelerated appeal.
            Initially, we note that we must construe Mr. Gilbert’s brief liberally as he is appearing pro
se. See Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). However, pro se
litigants still must comply with all applicable procedural rules. Valadez v. Avitia, 238 S.W.3d
843, 845 (Tex.App.--El Paso 2007, no pet.); Martinez v. El Paso County, 218 S.W.3d 841, 844
(Tex.App.--El Paso 2007, pet. struck); Harris v. Showcase Chevrolet, 231 S.W.3d 559, 561
(Tex.App.--Dallas 2007, no pet.); Sweed v. City of El Paso, 195 S.W.3d 784, 786 (Tex.App.--El Paso 2006, no pet.).
            It is the appellant’s burden to properly raise and discuss the issues presented for review. 
See Tex.R.App.P. 38.1(f); Valadez, 238 S.W.3d at 845; Martinez, 218 S.W.3d at 844. “It would
be inappropriate for this Court to attempt to re-draft and articulate what we believe [Mr. Gilbert]
may have intended to raise as error on appeal.” Valadez, 238 S.W.3d at 845, citing Martinez,
218 S.W.3d at 845. An issue presented in an appellant’s brief is sufficient, if it directs the
reviewing court’s attention to the error about which the complaint is made. Valadez, 238 S.W.3d
at 845; Martinez, 218 S.W.3d at 844. An appellate court has no duty--or even right--to perform
an independent review of the record and applicable law to determine whether there was error. 
Valadez, 238 S.W.3d at 845; Martinez, 218 S.W.3d at 844. Were we to do so, even on behalf of
a pro se appellant, we would be abandoning our role as neutral adjudicators and become an
advocate for that party. Valadez, 238 S.W.3d at 845; Martinez, 218 S.W.3d at 844. In the
review of a civil case, the appellate court has no discretion to consider an issue not raised in the
appellant’s brief, even if the ends of justice so require. Valadez, 238 S.W.3d at 845; Martinez,
218 S.W.3d at 844.
            For the most part, Mr. Gilbert’s brief does not comply with Texas Rule of Appellate
Procedure 38. However, the brief does clearly articulate one meritorious argument regarding the
trial court’s award of attorney’s fees. Mr. Gilbert asserts that the trial court awarded appellate
attorney’s fees without any evidence to support the award.
            At a hearing on the entry of judgment, the defendants’ attorney argued that the trial court
should order the plaintiffs to pay the defendants’ attorney’s fees. The court expressed a
reluctance to award attorney’s fees “because it may have a chilling effect in the future against
anyone who may want to pursue a claim -- whatever claim in the future -- against the City or the
County . . . .” The court did not make a ruling at the hearing, but stated that it would advise
counsel of its ruling later that day. The plaintiffs’ attorney requested a hearing on the amount of
fees in the event that the court decided that an award was appropriate. The court indicated that
another hearing would be held if it decided to award fees.


 Nevertheless, the record does not
reflect that another hearing was held. On the same day that the hearing on entry of judgment was
held, the trial court signed the final judgment, which denied attorney’s fees for the work
performed at the trial level, but awarded fees to the defendants in the amount of $25,000 for
appeal to this Court and $15,000 for any appeal to the Texas Supreme Court.
            An award of attorney’s fees under the Declaratory Judgments Act is within the trial
court’s discretion. See Tex.Civ.Prac.&Rem.Code Ann. § 37.009 (Vernon 2008); Elijah
Ragira/VIP Lodging Group, Inc. v. VIP Lodging Group, Inc., 301 S.W.3d 747, 757 (Tex.App.--El Paso 2009, pet. denied). We have routinely upheld predetermined attorney’s fees as being
“within the established jurisprudence of this State.”


 Gunter v. Bailey, 808 S.W.2d 163, 166
(Tex.App.--El Paso 1991, no writ); see also Pullman v. Brill, Brooks, Powell & Yount, 766
S.W.2d 527, 530 (Tex.App.--Houston [14th Dist.] 1988, no writ)(rejecting the argument that “the
predetermined award of attorney’s fees in the event of appeal is unconstitutional as a violation of
due process, or as a limitation on the right to access to the courts.”).
            However, a trial court may not punish a party for taking a successful appeal. ASAI v.
Vanco Insulation Abatement, Inc., 932 S.W.2d 118, 123 (Tex.App.--El Paso 1996, no writ). An
unconditional award of attorney’s fees has a chilling effect on the paying party’s exercise of legal
rights. In re Ford Motor Co., 988 S.W.2d 714, 722 (Tex. 1998)(orig. proceeding). Accordingly,
an award of appellate attorney’s fees must be conditioned on the appeal being unsuccessful. See
In re Ford Motor Co., 988 S.W.2d at 721; ASAI, 932 S.W.2d at 123; see also Goebel v.
Brandley, 76 S.W.3d 652, 658-59 (Tex.App.--Houston [14th Dist.] 2002, no pet.)(citing this rule
in a declaratory judgment case), disapproved on other grounds, Martin v. Amerman, 133 S.W.3d
262, 268 (Tex. 2004). The proper remedy for an unconditional award of appellate attorney’s fees
is to modify the judgment so that the award depends on the paying party’s lack of success on
appeal. Hoefker v. Elgohary, 248 S.W.3d 326, 332 (Tex.App.--Houston [1st Dist] 2007, no pet.).
            In this case, the award of appellate attorney’s fees was not conditioned on the appeal
being unsuccessful. Because Mr. Gilbert has not prevailed on the merits, the failure to make the
award conditional is harmless regarding his appeal to this Court. But it is not harmless as to any
petition for review to the Texas Supreme Court.
            Moreover, there must be evidence to support an award of attorney’s fees on appeal. See
Varner v. Cardenas, 218 S.W.3d 68, 69-70 (Tex. 2007); C & K Invs. v. Fiesta Group, Inc., 248
S.W.3d 234, 252 (Tex.App.--Houston [1st Dist.] 2007, no pet.); Reeves Cnty., Tx. v. Pecos River
Livestock, Inc., No. 08-99-00007-CV, 2000 WL 1433870, at *10 (Tex.App.--El Paso Sept. 28,
2000, no pet.)(not designated for publication). In this case, there is no evidence to support the
attorney’s fee award. At the hearing on the entry of judgment, counsel presented their arguments
regarding the propriety of awarding attorney’s fees. The defendants’ attorney indicated that he
had affidavits and supporting documents to establish the amount of attorney’s fees, but he did not
offer any evidence at the hearing. The plaintiffs’ attorney requested another hearing regarding
the amount of the fees if the trial court decided to make an award. Although the trial court
indicated that it would hold a subsequent hearing, no such hearing was held. Instead, the court
simply entered a final judgment, apparently prepared by the defendants, awarding appellate
attorney’s fees. Because there is no evidence to support the amounts contained in the judgment,
the attorney’s fee award should be deleted from the judgment. See, e.g., Reeves Cnty., Tx., 2000
WL 1433870, at *11 (“[T]he award of appellate attorney’s fees was not conditioned on whether
[the appellants] were successful in prosecuting their appeal. Furthermore, there is no evidence in
the record supporting the reasonableness of the award. Accordingly, we . . . delete the award of
appellate attorney’s fees from the judgment.”).
            The trial court’s judgment is modified to delete the award of appellate attorney’s fees. 
Because Mr. Gilbert did not adequately argue any other ground for reversal of the judgment, the
judgment is otherwise affirmed as modified.



October 13, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.