**Gordon DE FOREST, Appellant,**

v.

**Wayne DEAR, M.D., et al., Appellees.**

**No. A14–82–439CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 11, 1983.

Rehearing Denied Sept. 8, 1983.

John W. Donovan, Gano & Donovan, Houston, for appellant.

Kevin Dubose, Ryan & Marshall, Jay Hirsch, Randall Ferguson, Hicks, Hirsch, Clover & Robinson, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

OPINION

DRAUGHN, Justice.

This is an appeal by Gordon De Forest, appellant, from a directed verdict against him in a medical malpractice case. The central issue on appeal is whether the deposition of an absent defendant may be excluded from evidence simply because it has not been on file for one day prior to trial.

We hold that it cannot. Accordingly, the judgment is reversed and the cause remanded.

Appellant filed suit against Drs. Dear and Casal for alleged injuries to his right arm resulting from a catheterization procedure performed by them. Dr. Casal's deposition was taken in Venezuela in June, 1979 and the parties stipulated the waiver of deponent's signature before a notary public. They also agreed that if he did not sign the original deposition within forty-five days after transcription, a copy could be filed. The trial began on March 24, 1982, and on the second day appellant filed Dr. Casal's deposition with the court. He then sought to introduce it into evidence. Appellees objected to its admissibility on the grounds that it had not been on file for one day prior to trial in accordance with Rule 212 TEX.R.CIV.P. Further they alleged that they relied on the deposition's inadmissibility and consequently, did not have the other appellee, Dr. Dear, in court. The trial court refused to admit the deposition testimony into evidence. Appellant then sought to withdraw his announcement of ready and moved for a continuance in order to satisfy the filing objection. The court denied this motion. Appellant was forced to proceed without the deposition. After appellant's testimony and that of Dr. Nathaniel Alpert, appellant rested. Appellees then moved for instructed verdict alleging that appellant failed to meet his burden of proof in a medical malpractice case. The court granted the motions and entered a take nothing judgment against appellant.

[redacted] We find no requirement in Rule 212 TEX.R.CIV.P. that a deposition must be on file for one day before trial in order to be admissible in evidence. In support of their interpretation of Rule 212, appellees rely on *Zamora v. Romero,* 581 S.W.2d 742 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). In *Zamora* the court interpreted Rule 212 as generally requiring that a deposition be on file at least one day prior to trial in order to be admissible. Notwithstanding that interpretation, the court admitted the concerned deposition as an exception because it contained admissions against interest.

Our interpretation of Rule 212 differs from that of the court in *Zamora.* This rule deals with the proper method of objecting to the form or manner of taking depositions. It provides that when a deposition has been on file for at least one day prior to trial, all objections to the form or manner of its taking must be in writing with notice to opposing counsel. Nowhere do we find a mandate rendering the deposition inadmissible unless it has been on file for one day prior to trial. If the deposition has not been on file for one day prior to trial, then we logically conclude that the objections as to form and manner of taking may be made orally at the time the deposition is offered into evidence. We respectfully disagree with the court in *Zamora* concerning Rule 212 and find that the deposition in our case was improperly excluded.

Because our finding with regard to the improper exclusion of the deposition is dispositive of this appeal, we need not address appellant's objection to the trial court's denial of his motion for continuance.

The judgment is reversed and the cause remanded.