**ACEVEDO TRUCKING, INC., Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 03–96–00018–CV.**

Court of Appeals of Texas, Austin.

Oct. 30, 1996.

812 

Roger Vargas, Vargas Vargas & Vargas, San Antonio, for appellant.

Dan Morales, Attorney General, Mark Heidenheimer, John Mullen, Assistant Attorneys General, Transporation Division, Austin, for appellee.

Before CARROLL, C.J., and KIDD and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Appellant Acevedo Trucking, Inc. appeals from a directed verdict for the State of Texas, appellee, by the County Court at Law No. 1, Travis County. After the conclusion of the State's presentation of evidence, the county court found *Acevedo presented no evidence refuting the State's negligence cause of action and awarded the State $5,270.06 in damages.*

By three points of error, Acevedo contends that the county court erred by: (1) admitting the State's expense affidavit into evidence because the document was not timely filed nor properly presented to the court as required by Rule 902(10) of the Texas Rules of Civil Evidence; (2) overruling Acevedo's objection to answers by written deposition as being nonresponsive; and (3) granting the State's motion for directed verdict. Without deciding point of error one, we will affirm the judgment of the trial court because properly admitted evidence substantiating both the State's negligence claim and damages was uncontested by Acevedo.

## BACKGROUND

On August 21, 1989, Margarito Medrano, an employee of Acevedo Trucking, Inc., ran his employer's truck into a state highway guardrail. In the accident report, Medrano was charged with failure to control his speed, thus causing the accident. The State based its negligence claim on the accident report, which Acevedo did not challenge. To prove damages, the State relied on (1) the deposition by written questions of Rosendo J. Hernandez and the attached statement of repairs, filed May 2, 1995 and (2) the affidavit by Wilbur L. Mehaffey with the same attached statement of repairs, filed with the State's first amended original petition on July 17, 1990 and admitted into evidence at trial. The repair statements attached to the deposition and the affidavit were copies of the same document establishing the same amount of damage to the guardrail. Acevedo requested and received Hernandez's answers to cross-questions by written deposition in April 1995. *However, Acevedo presented no evidence at trial to challenge the State's evidence establishing actual damages.* The trial court granted the State's motion for directed verdict against Acevedo, from which Acevedo appeals.

## STANDARD OF REVIEW

 A party is entitled to a directed verdict when reasonable minds can draw only one conclusion from the evidence. *Collora v. Navarro,* 574 S.W.2d 65, 68 (Tex.1978). The task of the appellate court is to determine whether there is any evidence of probative force to raise fact issues on the material questions presented. The appellate court must consider all of the evidence in the light most favorable to the party against whom the verdict was instructed and disregard all evidence and inferences to the contrary. When reasonable minds may differ as to the truth of controlling facts, the question must go to the jury. If the appellate court determines that evidence of probative value exists, then the judgment must be reversed and the cause remanded for a jury determination. *Qantel Business Sys., Inc. v. Custom Controls Co.,* 761 S.W.2d 302, 303–04 (Tex.1988); *Collora,* 574 S.W.2d at 68; *Najera v. Great Atl. & Pac. Tea Co.,* 146 Tex. 367, 207 S.W.2d

365, 367 (1948); *Cartwright v. Canode,* 106 Tex. 502, 171 S.W. 696, 697–98 (1914) (quoting *Baltimore & O. R.R. v. Griffith,* 159 U.S. 603, 611, 16 S.Ct. 105, 108, 40 L.Ed. 274 (1895)).

## DISCUSSION AND HOLDINGS

The primary issue on appeal is whether there was sufficient evidence of actual damages to support the trial court's directed verdict against Acevedo. Because the deposition of Rosendo J. Hernandez is dispositive of this issue, we will first address Acevedo's second point of error contesting the trial court's overruling of Acevedo's objection to answers given by Hernandez as being nonresponsive.

■ Acevedo waived its right to object to Hernandez's answers as being nonresponsive by not objecting before commencement of the trial. An objection that answers are nonresponsive is an objection to the manner and form of taking the deposition and not to the actual substance of the answers. *Texas Emp. Ins. Ass'n v. Henson,* 569 S.W.2d 516, 517 (Tex.Civ.App.—Beaumont 1978, no writ). An objection to the manner and form of taking a deposition must be made in writing with notice to opposing counsel if the deposition has been on file with the court for one day or more before trial. Tex.R. Civ. P. 207(3) (West 1996) (formerly Rule 212, repealed and re-enacted as Rule 207(3), 1983); *Morgan v. Morgan,* 519 S.W.2d 276, 277 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.). Hernandez's deposition was filed on May 2, 1995, and the trial was not until August 2, 1995. Acevedo had three months before the trial to give written notice of its objection to Hernandez's answers as being nonresponsive. When an objection to an answer to questions by written deposition as being nonresponsive is made for the first time at trial, the objection is untimely and the defect is waived. *Bankers Multiple Line Ins. Co. v. Gordon,* 422 S.W.2d 244, 246 (Tex.Civ.App.—Houston [1st Dist.] 1967, no writ). Therefore, the trial court acted properly and within its discretion in admitting into evidence the answers to Hernandez's written deposition. We overrule point of error two.

■ Without deciding Acevedo's first point of error concerning the propriety of admitting Mehaffey's affidavit into evidence, we find there was sufficient properly admitted evidence establishing that the State suffered damages resulting from Acevedo's negligence. Acevedo does not contest the trial court's assessment of the amount of damages to the guardrail. Moreover, Acevedo presented no conflicting evidence to raise a factual dispute that would necessitate jury consideration of the existence of actual damages. Hernandez's deposition, read aloud in court, established that there were damages to the guardrail and that the assessment of cost of the damages was reasonable and necessary. Nor did Acevedo present evidence to contradict the accident report, properly admitted as exhibit No. 4, which also recorded damages by Acevedo's truck to the guardrail. Without contradictory evidence, the only conclusion one can draw from the accident report and Hernandez's deposition is that Acevedo's employee ran into the State's guardrail, causing damage in the amount set forth in the repair statement. Because there was no evidence to raise a factual dispute concerning Acevedo's negligence or the existence of actual damages suffered by the State, we overrule appellant's third point of error and affirm the trial court's directed verdict against Acevedo.

## CONCLUSION

Finding no error, we affirm the judgment of the trial court.